Chalos, O'Connor & Duffy LLP
Attorneys for Plaintiff,
FLAME MARITIME LIMITED
366 Main Street
Port Washington, New York
11050
Tel: (516) 767-3600
Fax: (516) 767-3605
Owen F. Duffy (OD-3144)
George E. Murray (GM-4172)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
FLAME MARITIME LIMITED,                        :
                                                :
                         Plaintiff,             :
                                                :
            v.                                  :     07 CIV. 4426 (WHP)
                                                :
                                                :     **VERIFIED COMPLAINT**
                                                :
HASSAN ALI RICE EXPORT COMPANY,                 :
                                                :
                         Defendant.             :
------------------------------------------------------------x

       Plaintiff, FLAME MARITIME LIMITED, by its attorneys, Chalos, O'Connor Duffy LLP, as and for its Verified Complaint against Defendant, HASSAN ALI RICE EXPORT COMPANY, alleges upon information and belief as follows:

### JURISDICTION

       FIRST:       The Court has subject matter jurisdiction because the complaint sets forth an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure, and also falls under this Court's admiralty and maritime jurisdiction pursuant to 28 U.S.C. § 1333.

## THE PARTIES

SECOND:   The Plaintiff, FLAME MARITIME LIMITED (hereinafter "FLAME"), was and still is a foreign corporation or other business entity duly organized and existing pursuant to the laws of Malta, with an office and principal place of business in care of Transocean Marine Management at 6 Tatoiou Street, Kifissia 14561, Greece.

THIRD:   The Plaintiff, FLAME, was the owner of an ocean-going vessel known as the M/V JUNIOR M and FLAME chartered the M/V JUNIOR M to others for the carriage of cargo in exchange for payments of freight and/or hire.

FOURTH:   The Defendant, HASSAN ALI RICE EXPORT COMPANY (hereinafter "HASSAN"), was and still is a foreign corporation or other business entity duly organized and existing pursuant to the laws of Pakistan, with an office and principal place of business at Cotton Exchange Building, I.I. Chundrigar Road, Karachi, Pakistan.

FIFTH:   Defendant, HASSAN, is a commodity trader with a specialty in the export of rice from Pakistan.

SIXTH:   In order to ship and transport its cargoes of rice, the Defendant, HASSAN, charters ocean-going vessels from vessel Owners such as Plaintiff, FLAME.

## AS AND FOR A CAUSE OF ACTION
## BREACH OF THE CHARTER PARTY

SEVENTH:   Pursuant to a Voyage Charter Party, dated January 29, 1999, the Defendant HASSAN chartered the M/V JUNIOR M from the Plaintiff FLAME for the carriage of a cargo of white Pakistani rice from Karachi, Pakistan to Moroni in the

Cormores Islands in accordance with the terms and conditions of the Charter Party which required the Defendant HASSAN to pay freight and other amounts, including demurrage, to Plaintiff FLAME.

EIGHTH: The Charter Party agreement was a maritime contract.

NINTH: During the course of the charter party, the Defendant HASSAN breached the charter party by, among other things, failing to pay demurrage in the amount of $59,721.35, together with interest and costs.

TENTH: In accordance with the terms and conditions of the charter party, dated January 29, 1999, the Plaintiff FLAME initiated arbitration proceedings against the Defendant HASSAN in London, England seeking to recover damages for breach of charter party.

ELEVENTH: On December 21, 1999, a duly appointed London arbitrator awarded and directed the Defendant HASSAN to pay the Plaintiff FLAME the sum of $55,988.77, together with interest thereon at the rate of 7.5% per annum compounded at quarterly rests from 21st May 1999 until the date of payment.

TWELFTH: The Defendant HASSAN is in breach of its obligations under the charter party by reason of its failure to pay the demurrage and, also, its failure to pay the arbitration award dated December 21, 1999.

THIRTEENTH: Accounting for interest as awarded by the London arbitrator, the total amount due and owing to Plaintiff FLAME pursuant to the arbitration award is approximately $108,701.08.

FOURTEENTH: The Plaintiff FLAME has initiated proceedings to enforce the arbitration award against the Defendant HASSAN in Karachi, Pakistan, but the

arbitration award has not yet been reduced to a judgment in any court of competent jurisdiction.

## PRAYER FOR RELIEF

FIFTEENTH:    Notwithstanding the fact that the liability of Defendant HASSAN to Plaintiff FLAME has been determined by a maritime arbitrator in London, England and that Plaintiff FLAME is seeking to reduce the award to a judgment in Pakistan, upon information and belief, there are now, or will be during the pendency of this action, certain assets belonging to the Defendant, including among other things, payments for goods or services and the like being made by or being made to the Defendant, in the form of payments that are being electronically transferred through New York, and which are located in this District in the possession of intermediary banks who are garnishees with respect to this action.

SIXTEENTH:    Defendant HASSAN cannot be found within this District within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure.

SEVENTEENTH:    Because this Verified Complaint sets form an *in personam* maritime claim against the Defendant HASSAN and because the Defendant HASSAN cannot be found within this District within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, the requirements for a Rule B Maritime attachment and garnishment are met and Plaintiff FLAME seeks the issuance of process of maritime attachment so that it may obtain security for its claims against Defendant HASSAN and/or *quasi in rem* jurisdiction over the property of the Defendant so that an eventual judgment can be satisfied.

EIGHTEENTH:    Plaintiff estimates that, including interest, the costs and fees being incurred to reduce the award to judgment in Pakistan and the additional costs of

obtaining this attachment, Plaintiff's total claim, as nearly as can be estimated, is for US $150,000.00.

WHEREFORE, Plaintiff prays as follows:

1. That Defendant, HASSAN, be summoned to appear and answer this Complaint;
2. That Defendant, HASSAN, not being found within this District, as set forth in the Affidavit of Owen F. Duffy, all of its certain assets, accounts, freights, monies, credits, effects, payments for cargo, goods or services and the like belonging to or claimed by the Defendant within this District, up to the amount sued for herein, be attached pursuant to Supplemental Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, and also pursuant to the United States Arbitration Act, 9. U.S.C. §§ 1 and 8, and also pursuant to the Uniform Foreign Money Judgments Recognition Act, N.Y.C.P.L.R. §§ 5502 and 5203, and that the same be attached to pay Plaintiff's damages;
3. That this Court retain jurisdiction over this matter through the entry of a judgment either by this or another U.S. District Court, pursuant to 9 U.S.C. §§ 201 *et seq.*, by the High Court of Justice of the London, the courts of Pakistan or the court of any competent jurisdiction, with respect to any arbitration award associated with the claims presently pending so that judgment may be entered in favor of Plaintiff for the amount of its claims, i.e. U.S. $150,000.00, plus interest and costs, and that a judgment of condemnation and sale be entered against the property arrested and attached herein in the amount of Plaintiff's claim, plus interest and costs to be paid out of the proceeds thereof; and
4. That Plaintiff have such other and further relief as the Court may determine to be just and proper under the circumstances.

Dated: Port Washington, New York
May 30, 2007

                              CHALOS, O'CONNOR & DUFFY
                              Attorneys for Plaintiff,
                              FLAME MARITIME LIMITED

By: _____
            Owen F. Duffy (OD-3144)
            George E. Murray (GM-4172)
            366 Main Street
            Port Washington, New York 11050
            Tel:    516-767-3600
            Telefax: 516-767-3605

Chalos, O'Connor & Duffy LLP
Attorneys for Plaintiff,
FLAME MARITIME LIMITED
366 Main Street
Port Washington, New York
11050
Tel: (516) 767-3600
Fax: (516) 767-3605
Owen F. Duffy (OD-3144)
George E. Murray (GM-4172)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
FLAME MARITIME LIMITED,                :

      Plaintiff,        :

  v.                                                    :   07 CIV. 4426 (WP)

               :    **VERIFICATION**

HASSAN ALI RICE EXPORT COMPANY,   :

      Defendant.       :
------------------------------------------------------------x
STATE OF NEW YORK      :
          : ss.
COUNTY OF NASSAU       :

  BEFORE ME, the undersigned authority, personally came and appeared Owen F. Duffy who, after being duly sworn, did depose and state:

  1.  That he is a partner in the law firm of Chalos, O'Connor & Duffy LLP, counsel for the Plaintiff, FLAME MARITIME LIMITED, herein;

  2.  That he has read the foregoing complaint and knows the contents thereof; and

  3.  That he believes the matters to be true based on documents and information obtained from employees and representatives of the Plaintiff through its agents, underwriters and attorneys.

4.  The reason that this verification was made by deponent and not by the Plaintiff is because Plaintiff is a foreign corporation, whose officers are not in this district, and whose verification cannot be obtained within the time constraints presented by the circumstances of this case.

Dated: Port Washington, New York
May 30, 2007

CHALOS, O'CONNOR & DUFFY, LLP
Attorneys for Plaintiff

By: _____
Owen F. Duffy (OD-3144)
366 Main Street
Port Washington, New York 11050
Tel: (516) 767-3600
Fax: (516) 767-3605

Subscribed and sworn to before me this
May 30, 2007

_____
Notary Public, State of New York

GEORGE E. MURRAY
Notary Public, State of New York
No. 02MU6108120
Qualified in New York County
Commission Expires April 12, 2008

2