UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
FLAME MARITIME LIMITED,                          :
                                                 :
            Plaintiff,                           :
                                    .            :
                                                 :      07 CIV 4426 (WHP)
            - against -                          :
                                                 :
HASSAN ALI RICE EXPORT COMPANY,                  :
                                                 :
            Defendant.                           :
-------------------------------------------------------------X

## AFFIDAVIT IN SUPPORT OF MOTION TO VACATE MARITIME ATTACHMENT

State of Connecticut   )
                       )       ss: SOUTHPORT
County of Fairfield    )

        Kevin J. Lennon, being duly sworn, deposes and says:

        1.      I am a member of the Bar of this Court and represent the Defendant herein.  I am

familiar with the facts of this case and make this Affidavit in support of Defendant's motion

seeking to vacate, or alternatively reduce, Plaintiff's maritime attachment.

        2.      Attached hereto as Exhibit 1 is a copy of the Plaintiff's Verified Complaint filed

in support of its application for issuance of a maritime attachment pursuant to Supplemental

Rule B.

        3.      Attached hereto as Exhibit 2 is a copy of the Court's Ex Parte Order authorizing

restraint of Defendant's funds pursuant to Supplemental Rule B.

        4.      Attached hereto as Exhibit 3 are copies of correspondence exchanged between

counsel for the parties which reflects Defendant's good faith efforts to obtain Plaintiff's

voluntary agreement to reduce the scope of its attachment all of which were to no avail thereby

requiring the instant motion.

Dated: July 24, 2007
      Southport, CT

Kevin J. Lennon

Sworn and subscribed to before me
this 24th day of July, 2007.

Commissioner of Superior Court

# EXHIBIT 1

Chalos, O'Connor & Duffy LLP
Attorneys for Plaintiff,
FLAME MARITIME LIMITED
366 Main Street
Port Washington, New York
11050
Tel: (516) 767-3600
Fax: (516) 767-3605
Owen F. Duffy (OD-3144)
George E. Murray (GM-4172)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

FLAME MARITIME LIMITED,                      :
                                             :
                    Plaintiff,               :
                                             :
            v.                               :        07 CIV. *4426* *(WHP)*
                                             :
                                             :        **VERIFIED COMPLAINT**
                                             :
                                             :
HASSAN ALI  RICE EXPORT COMPANY,             :
                                             :
                    Defendant.               :
-----------------------------------------------------------x


        Plaintiff, FLAME MARITIME LIMITED, by its attorneys, Chalos, O'Connor
Duffy LLP, as and for its Verified Complaint against Defendant, HASSAN ALI RICE
EXPORT COMPANY, alleges upon information and belief as follows:


                            JURISDICTION

        FIRST:              The Court has subject matter jurisdiction because the
complaint sets forth an admiralty and maritime claim within the meaning of Rule 9(h) of
the Federal Rules of Civil Procedure, and also falls under this Court's admiralty and
maritime jurisdiction pursuant to 28 U.S.C. § 1333.

## THE PARTIES

SECOND:          The Plaintiff, FLAME MARITIME LIMITED (hereinafter "FLAME"), was and still is a foreign corporation or other business entity duly organized and existing pursuant to the laws of Malta, with an office and principal place of business in care of Transocean Marine Management at 6 Tatoiou Street, Kifissia 14561, Greece.

THIRD:          The Plaintiff, FLAME, was the owner of an ocean-going vessel known as the M/V JUNIOR M and FLAME chartered the M/V JUNIOR M to others for the carriage of cargo in exchange for payments of freight and/or hire.

FOURTH:          The Defendant, HASSAN ALI RICE EXPORT COMPANY (hereinafter "HASSAN"), was and still is a foreign corporation or other business entity duly organized and existing pursuant to the laws of Pakistan, with an office and principal place of business at Cotton Exchange Building, I.I. Chundrigar Road, Karachi, Pakistan.

FIFTH:          Defendant, HASSAN, is a commodity trader with a specialty in the export of rice from Pakistan.

SIXTH:          In order to ship and transport its cargoes of rice, the Defendant, HASSAN, charters ocean-going vessels from vessel Owners such as Plaintiff, FLAME.

## AS AND FOR A CAUSE OF ACTION
## BREACH OF THE CHARTER PARTY

SEVENTH:          Pursuant to a Voyage Charter Party, dated January 29, 1999, the Defendant HASSAN chartered the M/V JUNIOR M from the Plaintiff FLAME for the carriage of a cargo of white Pakistani rice from Karachi, Pakistan to Moroni in the

2

Cormores Islands in accordance with the terms and conditions of the Charter Party which required the Defendant HASSAN to pay freight and other amounts, including demurrage, to Plaintiff FLAME.

EIGHTH:    The Charter Party agreement was a maritime contract.

NINTH:    During the course of the charter party, the Defendant HASSAN breached the charter party by, among other things, failing to pay demurrage in the amount of $59,721.35, together with interest and costs.

TENTH:    In accordance with the terms and conditions of the charter party, dated January 29, 1999, the Plaintiff FLAME initiated arbitration proceedings against the Defendant HASSAN in London, England seeking to recover damages for breach of charter party.

ELEVENTH:    On December 21, 1999, a duly appointed London arbitrator awarded and directed the Defendant HASSAN to pay the Plaintiff FLAME the sum of $55,988.77, together with interest thereon at the rate of 7.5% per annum compounded at quarterly rests from 21st May 1999 until the date of payment.

TWELFTH:    The Defendant HASSAN is in breach of its obligations under the charter party by reason of its failure to pay the demurrage and, also, its failure to pay the arbitration award dated December 21, 1999.

THIRTEENTH:    Accounting for interest as awarded by the London arbitrator, the total amount due and owing to Plaintiff FLAME pursuant to the arbitration award is approximately $108,701.08.

FOURTEENTH:    The Plaintiff FLAME has initiated proceedings to enforce the arbitration award against the Defendant HASSAN in Karachi, Pakistan, but the

3

arbitration award has not yet been reduced to a judgment in any court of competent jurisdiction.

## PRAYER FOR RELIEF

FIFTEENTH:        Notwithstanding the fact that the liability of Defendant HASSAN to Plaintiff FLAME has been determined by a maritime arbitrator in London, England and that Plaintiff FLAME is seeking to reduce the award to a judgment in Pakistan, upon information and belief, there are now, or will be during the pendency of this action, certain assets belonging to the Defendant, including among other things, payments for goods or services and the like being made by or being made to the Defendant, in the form of payments that are being electronically transferred through New York, and which are located in this District in the possession of intermediary banks who are garnishees with respect to this action.

SIXTEENTH:        Defendant HASSAN cannot be found within this District within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure.

SEVENTEENTH:        Because this Verified Complaint sets form an *in personam* maritime claim against the Defendant HASSAN and because the Defendant HASSAN cannot be found within this District within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, the requirements for a Rule B Maritime attachment and garnishment are met and Plaintiff FLAME seeks the issuance of process of maritime attachment so that it may obtain security for its claims against Defendant HASSAN and/or *quasi in rem* jurisdiction over the property of the Defendant so that an eventual judgment can be satisfied.

EIGHTEENTH:        Plaintiff estimates that, including interest, the costs and fees being incurred to reduce the award to judgment in Pakistan and the additional costs of

4

obtaining this attachment, Plaintiff's total claim, as nearly as can be estimated, is for US $150,000.00.

WHEREFORE, Plaintiff prays as follows:

1. That Defendant, HASSAN, be summoned to appear and answer this Complaint;

2. That Defendant, HASSAN, not being found within this District, as set forth in the Affidavit of Owen F. Duffy, all of its certain assets, accounts, freights, monies, credits, effects, payments for cargo, goods or services and the like belonging to or claimed by the Defendant within this District, up to the amount sued for herein, be attached pursuant to Supplemental Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, and also pursuant to the United States Arbitration Act, 9. U.S.C. §§ 1 and 8, and also pursuant to the Uniform Foreign Money Judgments Recognition Act, N.Y.C.P.L.R. §§ 5502 and 5203, and that the same be attached to pay Plaintiff's damages;

3. That this Court retain jurisdiction over this matter through the entry of a judgment either by this or another U.S. District Court, pursuant to 9 U.S.C. §§ 201 *et seq.*, by the High Court of Justice of the London, the courts of Pakistan or the court of any competent jurisdiction, with respect to any arbitration award associated with the claims presently pending so that judgment may be entered in favor of Plaintiff for the amount of its claims, i.e. U.S. $150,000.00, plus interest and costs, and that a judgment of condemnation and sale be entered against the property arrested and attached herein in the amount of Plaintiff's claim, plus interest and costs to be paid out of the proceeds thereof; and

4. That Plaintiff have such other and further relief as the Court may determine to be just and proper under the circumstances.

5

Dated:  Port Washington, New York
        May 30, 2007

                        CHALOS, O'CONNOR & DUFFY
                        Attorneys for Plaintiff,
                        FLAME MARITIME LIMITED

By:

                        _____
                        Owen F. Duffy (OD-3144)
                        George E. Murray (GM-4172)
                        366 Main Street
                        Port Washington, New York
                        11050
                        Tel:     516-767-3600
                        Telefax: 516-767-3605

6

Chalos, O'Connor & Duffy LLP
Attorneys for Plaintiff,
FLAME MARITIME LIMITED
366 Main Street
Port Washington, New York
11050
Tel: (516) 767-3600
Fax: (516) 767-3605
Owen F. Duffy (OD-3144)
George E. Murray (GM-4172)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------x

FLAME MARITIME LIMITED,

               Plaintiff,

       v.

07 CIV. _4426_ (WP)

**VERIFICATION**

HASSAN ALI RICE EXPORT COMPANY,

               Defendant.

------------------------------------------------------x

STATE OF NEW YORK   :
                  : ss.
COUNTY OF NASSAU   :

      BEFORE ME, the undersigned authority, personally came and appeared Owen F. Duffy who, after being duly sworn, did depose and state:

      1.    That he is a partner in the law firm of Chalos, O'Connor & Duffy LLP, counsel for the Plaintiff, FLAME MARITIME LIMITED, herein;

      2.    That he has read the foregoing complaint and knows the contents thereof; and

      3.    That he believes the matters to be true based on documents and information obtained from employees and representatives of the Plaintiff through its agents, underwriters and attorneys.

4.    The reason that this verification was made by deponent and not by the Plaintiff is because Plaintiff is a foreign corporation, whose officers are not in this district, and whose verification cannot be obtained within the time constraints presented by the circumstances of this case.

Dated: Port Washington, New York
          May 30, 2007

                                        CHALOS, O'CONNOR & DUFFY, LLP
                                        Attorneys for Plaintiff

                              By:       _____
                                        Owen F. Duffy (OD 3144)
                                        366 Main Street
                                        Port Washington, New York 11050
                                        Tel:  (516) 767-3600
                                        Fax:  (516) 767-3605

Subscribed and sworn to before me this
May 30, 2007

_____
Notary Public, State of New York

GEORGE E. MURRAY
Notary Public, State of New York
No. 02MU6108120
Qualified in New York County
Commission Expires April 12, 2008

2

# EXHIBIT 2

Chalos, O'Connor & Duffy LLP
Attorneys for Plaintiff,
FLAME MARITIME LIMITED
366 Main Street
Port Washington, New York
11050
Tel: (516) 767-3600
Fax: (516) 767-3605
Owen F. Duffy (OD-3144)
George E. Murray (GM-4172)

**Judge Pauley**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 5/31/07    MAY 3 0 2007

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x

FLAME MARITIME LIMITED,               :
                                      :
                    Plaintiff,        :
                                      :
        v.                            :     07 CIV. 4426 (WHP)
                                      :
                                      :     **ORDER FOR ISSUANCE**
                                      :     **OF A PROCESS OF**
HASSAN ALI  RICE EXPORT COMPANY,      :     **MARITIME ATTACHMENT**
                                      :
                    Defendant.        :
-------------------------------------------------------------x

        Upon reading the Verified Complaint requesting issuance of Process of Maritime

Attachment and Garnishment, and the Affidavit of Owen F. Duffy, Esq. attached thereto, and the

Court finding that the conditions for an attachment under Rule B of the Supplemental Rules for

Certain Admiralty and Maritime Claims Admiralty to the Federal Rules of Civil Procedure

appear to exist, it is this day, by the United States District Court for the Southern District of New

York, hereby

        **ORDERED** that the Clerk shall issue a Process of Maritime Attachment and

Garnishment as prayed for in the Verified Complaint; and it is further

        **ORDERED** that the Process of Attachment issued by the Clerk shall be against all

property, tangible or intangible, including funds, goods, chattels, credits, effects, debts owned by

or owed to the Defendant, HASSAN ALI RICE EXPORT COMPANY, or monies to be paid

to discharge a debt owed to the Defendant, including monies being electronically transferred by

or to HASSAN ALI RICE EXPORT COMPANY, which are in the possession or control of, or

being transferred through any garnishee within this District, including, without limitation,

property held by or in the possession or control of the following garnishee(s):

1.  American Express Bank Ltd.
    American Express Tower
    Three World Financial Center
    New York, New York 10285

2.  Bank of America
    c/o Zeichner Ellman & Krause, LLP
    Legal Counsel for Bank of America
    575 Lexington Avenue, 10th floor
    New York, New York 10022

3.  ABN Amro Bank N.V.
    55 East 52nd Street
    New York, New York 10055

4.  Bank of Tokyo Mitsubishi Ltd.
    1251 Avenue of the Americas
    New York, New York 10020

5.  Bank of New York
    One Wall Street
    New York, New York 10286

6.  Citibank, N.A.
    Legal Service Intake Unit
    1 Court Square, 7th Floor
    Long Island City, NY 11120

7.  Deutsche Bank
    60 Wall Street
    New York, New York 10005

8.  HSBC
    452 Fifth Avenue
    New York, New York

9.    JPMorgan Chase Bank, N.A.
      One Chase Manhattan Plaza
      New York, New York 10081

10.   Standard Chartered Bank
      One Madison Avenue
      New York, NY 10010

11.   Wachovia Bank
      11 Penn Plaza
      New York, New York 10001

or any of their affiliates and any other garnishee(s) within this district upon whom a copy of the

Process of Maritime Attachment and Garnishment herein may be served, in an amount up to the

amount sued for, i.e., $ 150,000.00, plus interest and costs, it is further

   **ORDERED** that any person claiming an interest in the property attached or garnished

pursuant to said Order shall, upon application to the Court, be entitled to a prompt hearing at

which the plaintiff shall be required to show why the attachment and garnishment should not be

vacated or other relief granted, and it is further

   **ORDERED** that a copy of this Order be attached to and served with the said Process of

Maritime Attachment and Garnishment, and it is further

   **ORDERED** that pursuant to Fed. R. Civ. P., Supplemental Rules for Certain Admiralty

and Maritime Claims, Rule B(1)(d)(ii)(C), the Writ of Attachment may be served by any person,

who is not less than 18 years old, and who is not a party to this action, and it is further

   **ORDERED** that service on any garnishee(s) (i.e. any original garnishee or any garnishee

herein) is deemed to be effective and continuous service throughout the remainder of the day

upon which such service is made commencing from the time of such service through the opening

of the garnishee's business the next business day, and it is further

3

**ORDERED** that pursuant to Federal Rule of Civil Procedure 5(b)(2)(D), that following initial service upon any garnishee by the United States Marshal or any other person designated by Order to make service in this action, supplemental service of the Process of Maritime Attachment and Garnishment shall thereafter be made by way of service of a copy of the Process of Maritime Attachment and Garnishment via facsimile transmission or other verifiable electronic means, including e-mail, to each garnishee so personally served, and it is further

**ORDERED** that supplemental process enforcing this Order may be issued by the Clerk and served without further Order of the Court.

Dated:  New York, New York
      May 30, 2007

SO ORDERED:

_____
U. S. D. J.

4

# EXHIBIT 3

# LENNON, MURPHY & LENNON, LLC – *Attorneys at Law*

The GrayBar Building
420 Lexington Ave., Suite 300
New York, NY 10170
*phone* (212) 490-6050
*fax* (212) 490-6070

Patrick F. Lennon - *pfl@lenmur.com*
Charles E. Murphy - *cem@lenmur.com*
Kevin J. Lennon - *kjl@lenmur.com*
Nancy R. Peterson - *nrp@lenmur.com*

Tide Mill Landing
2425 Post Road
Southport, CT 06890
*phone* (203) 256-8600
*fax* (203) 256-8615

June 8, 2007

*Via Facsimile (516) 767-3605*
Chalos O'Connor & Duffy LLP
366 Main Street
Port Washington, NY 11050
Attn: Owen F. Duffy, Esq.
George E. Murray, Esq.

### *Without Prejudice – All Rights Reserved*

Re:    ***Flame Maritime Ltd. v. Hassan Ali Rice Export Co.***
**Case no.**    **07 Civ. 4426 (WHP) – S.D.N.Y.**
**Your ref.:**    **Unknown – please advise**
**Our ref.:**    **07-1133**

Dear Sirs:

We act on behalf of Hassan Ali Rice Export Co. ("HAREC") in the above-referenced matter. Pursuant to the Verified Complaint filed in the Southern District of New York it appears your client Flame Maritime Ltd. ("Flame") is seeking to attach $150,000.00 of HAREC's funds in order to secure a May 1999 London arbitration award. The underlying arbitration award was in the sum of $55,988.77 and Flame calculates that awarded interest at the rate of 7.5% per annum allows for recovery of an additional $52,712.31 for a total of $108,701.08. HAREC rejects Flame's assertion that it is entitled to an additional $41,298.92 for other costs.

Further, as pointed out in Flame's Complaint in Paragraph 14, Flame initiated proceedings in Pakistan to enforce this award. However, HAREC contends that Flame is mistaken in respect of its contention that the London arbitration award has not yet been reduced to a judgment in any court of competent jurisdiction. We attach hereto for your review a copy of an Execution Application dated June 3, 2006 that was filed by Flame in the Pakistani court.

The Execution Application is an acknowledgement by Flame that the Pakistani court has adjudged it entitled to a Judgment against HAREC in the sum of $55,988.77 plus Pounds 4,800 as per the annexed Certified Decree dated January 23, 2006 which specifically disallowed recovery of interest. As of January 23, 2006 4,800 English Pounds equaled $8,500 U.S. Dollars.

We are advised by HAREC that it is permitted under the Pakistani Judgment obtained by Flame to pay the Judgment to Flame by August 2007. The sum total that HAREC may properly be found to be liable to Flame is thus $64,488.77 and not $150,000.

Under these circumstances we request that Flame promptly agree to voluntarily reduce the quantum of its attachment to $64,488.77 in conformity with the Judgment it has obtained, and is bound under *res judicata*, in Pakistan. Failing such agreement HAREC will be constrained to appear and defend itself within the proceeding commenced by Flame in which it will take all available measures to dismiss Flame's action and/or reduce the scope of the attachment.

Should you wish to discuss the foregoing please contact the undersigned at any time. Thank you very much for your prompt attention to the foregoing.

Very truly yours,

Kevin J. Lennon

KJL/bhs
Enclosure

2

Ann- 'A' 31
Flame
HAREE

### D E C R E E.

IN THE HIGH COURT OF SINDH AT KARACHI

(ORIGINAL CIVIL JURISDICTION)

SUIT NO.272 OF 2000.

M/s.Flame Maritme Limtied.
Valletta, Malta, through its
Duly constituted attorney
Mr.Syed Shakil Ahmed, 604-5
6th Floor, Business Centre,
Mumtaz Hassan Road, Off:
I.I. Chundrigar Road, Karachi..........................................Plaintiffs/Owners.

V E R S U S

M/s.Hassan Ali Rice Export Co.,
102, Cotton Exchange Building,
I.I. Chundrigar Road, Karachi........................................Defendants/Charterers.



APPLICATION UNDER SECTION 4, 5 AND 6 OF THE
ARBITRATION (PROTOCL & CONVENTION) ACT OF 1937
<u>TO ENFORCE FOREIGN AWARD DATED 21.12.1999</u>

The plaintiffs pray for judgement and decree as under:-

A)    That this Hon'ble Court may pleased to order that the Foreign Award, annexed
herewith in original as Annexure "A" be filed and pronounce the judgment and
decree in terms thereof against the Defendants for the following sums:

i)    US$ 55,988.77 by way of demurrage;

ii)   Interest at the rate of 7.5% per annum on the said US$ 55,968.77 from
21.05.1999 till payment;

iii)  Pounds 4,800/- being the professional fee of the Arbitrator;

iv)   Interest at the rate of 7.5% per annum on the said Pounds 4,800/- from
the date of Award till payment;

v)    Plaintiff's cost or the Award as agreed between parties or as may be
determined by Arbitrator subsequently.

B)    Grant such other relief(s) as this Hon'ble Court may deem fit and proper under
the circumstances of the case.

Whereas the plaintiff above named has filed suit with the above prayer in this
Court on 22nd February, 2000 and whereas notice have been served upon the
defendants, the defendants having filed objections to the award.

And whereas the suit coming on this 13th day of December, 2005 for hearing of
objections to award and finally for the judgment on this 23rd day of January, 2006

2

before Justice Mrs.Qaiser Iqbal in the presence of Mr.Khalid Rehman, Advocate for the plaintiffs and Mr.Moulvi Yousaf, Advocate for the defendants, it is hereby ordered that defendants had failed to make out any ground to nullify the award, the objections, raised by the defendants are hereby rejected and the award is made rule of the Court excluding the interest, accordingly, the suit is decreed in terms of the said award with the above modification with no order as to costs as under:-

That the charterers/defendants shall forthwith pay to the Owners/plaintiffs US$ 55,988.77 (United States Dollars Fifty Five Thousand Nine Hundred and Eighty Eight and Seventy Seven Cents).

That the charteres/defendants shall bear and pay their own and the owners/plaintiffs costs of the reference and that the charterers/defendants shall bear and pay the costs of final award in the sum of £ 4,800.00 (Four Thousand Eight Hundred Pounds Sterling), inclusive of my fees, interlocutory charges and disbursements PROVIDED, however, that if, in the first instance, the oweners/plaintiffs shall have paid all or any part of the costs of the final award, they shall be entitled to an immediate reimbursement by the charterers/defendants of the sum so paid.

Given under my hand and the Seal of the Court, this 23rd day of January, 2006.

H. Qaisar Iqbal,
J. HC. YS-3-2006

CERTIFIED TO BE TRUE COPY

25/3/2006
ASSTT:SEALER.

13/4/06
ASSISTANT REGISTRAR

APPLIED FOR ON        81A~   Jan. 6
FEES ESTIMATED ON    13th   Jan. 6
ESTIMATED FEES DEPOSITED ON
COPY MADE READY ON  13 Dec. D6
STAMP SUPPLIED ON
COPY CERTIFIED ON
COPY DELIVERED ON

COPYING FEE
URGENT FEE
COMPARING FEE

TOTAL

13/4/06

ASSISTANT REGISTRAR  4/06

Execution Application No. 5 5  of 2006

M/s. Flame Maritime Ltd.
the decree holder hereby apply for the execution of the decree
herein below set forth:

| | |
|---|---|
| 1. Number of suit | 272 of 2000 |
| 2. Name of parties | Flame Maritime Ltd.            D.H.<br>versus<br>Hussain Ali Rice Export Co.    J.D.<br>102, Cotton Exchange Building;<br>I.I. Chundrigar Road, Karachi |
| 3. Date of decree | 23/01/2006 |
| 4. Payment of adjustment if any | Nil |
| 5. Whether appeal preferred from the decree | Not known |
| 6. Previous application, if any with result | First |
| 6.A. Assignment | No |
| 7. Amount with interest due up the decree or order or other relief granted thereby with particulars of any cross decree. | Principal amount              US$55,988.77 |
| 8. Amount of costs if any awarded | Cost not awarded              £4,800.00 |
| 9. Total Amount | US$55,988.00<br>£4,800.00 |
| 10. Against whom to be executed | Judgment Debtors abovenamed. |
| 11. Made in which the assistance of the Court is required. | By attachment and sale of the moveable property viz: house hold/shop goods belonging to the Judgment debtor in his possession, to be pointed out to the bailiff of this Hon'ble Court to the extent of the decretal amount Under O.21 Rule 43 C.P. Code. |

Advocate for Decree Holder

K.S.Ansari
Attorney of Decree Holder

Karachi
Dated: 03/06/2006

I, Khalid Saleem Ansari, Attorney of the applicant abovenamed do hereby declare at
the Karachi this 3 r d     day of June 2006 that what is stated is true to the best of
my knowledge and belief.

K.S.Ansari
Deponent

Advocate

Identified by me.

Solemnly affirmed on oath before me at Karachi this 3 r d    day of June 2006 by
the Deponent abovenamed who is identified to me by the Nasimuddin Sheikh, Advocate

Charged Rs. 3/- as fee for attesting
this affidavit
Receipt No.

Commissioner for taking Affidavit.

bz

COMMISSIONER FOR TAKING AFFIDAVIT

\* \* \* Communication Result Report ( Jun. 8. 2007  2:19PM ) \* \* \*

1) Lennon, Murphy & Lennon LLC
2) Tide Mill Landing, Southport

Date/Time: Jun. 8. 2007  2:18PM

| File No. | Mode | Destination | Pg(s) | Result | Page Not Sent |
|----------|------|-------------|-------|--------|---------------|
| 0407 | Memory TX | 15167673605#1133 | P. 5 | OK | |

--------------------------------------------------------------------------------

Reason for error
E. 1) Hang up or line fail
E. 3) No answer
E. 5) Exceeded max. E-mail size

E. 2) Busy
E. 4) No facsimile connection

---

LENNON, MURPHY & LENNON, LLC – *Attorneys at Law*

| The GrayBar Building | Patrick F. Lennon - *pfl@lenmur.com* | Tide Mill Landing |
|---|---|---|
| 420 Lexington Ave., Suite 300 | Charles E. Murphy - *cem@lenmur.com* | 2425 Post Road |
| New York, NY 10170 | Kevin J. Lennon – *kjl@lenmur.com* | Southport, CT 06890 |
| phone (212) 490-6050 | Nancy R. Peterson – *nrp@lenmur.com* | phone (203) 256-8600 |
| fax (212) 490-6070 | | fax (203) 256-8615 |

June 8, 2007

*Via Facsimile (516) 767-3605*
Chalos O'Connor & Duffy LLP
366 Main Street
Port Washington, NY 11050
Attn:   Owen F. Duffy, Esq.
        George E. Murray, Esq.

*Without Prejudice – All Rights Reserved*

Re:   *Flame Maritime Ltd. v. Hassan Ali Rice Export Co.*
      Case no.      07 Civ. 4426 (WHP) – S.D.N.Y.
      Your ref.:    Unknown – please advise
      Our ref.:     07-1133

Dear Sir:

We act on behalf of Hassan Ali Rice Export Co. ("HAREC") in the above-referenced matter. Pursuant to the Verified Complaint filed in the Southern District of New York it appears your client Flame Maritime Ltd. ("Flame") is seeking to attach $150,000.00 of HAREC's funds in order to secure a May 1999 London arbitration award. The underlying arbitration award was in the sum of $55,988.77 and Flame calculates that awarded interest at the rate of 7.5% per annum allows for recovery of an additional $52,712.31 for a total of $108,701.08. HAREC rejects Flame's assertion that it is entitled to an additional $41,298.92 for other costs.

Further, as pointed out in Flame's Complaint in Paragraph 14, Flame initiated proceedings in Pakistan to enforce this award. However, HAREC contends that Flame is mistaken in respect of its contention that the London arbitration award has not yet been reduced to a judgment in any court of competent jurisdiction. We attach hereto for your review a copy of an Execution Application dated June 3, 2006 that was filed by Flame in the Pakistani court.

The Execution Application is an acknowledgement by Flame that the Pakistani court has adjudged it entitled to a judgment against HAREC in the sum of $55,988.77 plus Pounds 4,800 as per the annexed Certified Decree dated January 23, 2006 which specifically disallowed recovery of interest. As of January 23, 2006 4,800 English Pounds equaled $8,500 U.S. Dollars.

# LENNON, MURPHY & LENNON, LLC – *Attorneys at Law*

| | | |
|---|---|---|
| The GrayBar Building | Patrick F. Lennon – *pfl@lenmur.com* | Tide Mill Landing |
| 420 Lexington Ave., Suite 300 | Charles E. Murphy – *cem@lenmur.com* | 2425 Post Road |
| New York, NY 10170 | Kevin J. Lennon – *kjl@lenmur.com* | Southport, CT 06890 |
| *phone* (212) 490-6050 | Nancy R. Peterson – *nrp@lenmur.com* | *phone* (203) 256-8600 |
| *fax* (212) 490-6070 | | *fax* (203) 256-8615 |

June 12, 2007

***Via Facsimile (516) 767-3605***
Chalos O'Connor & Duffy LLP
366 Main Street
Port Washington, NY 11050
Attn: Owen F. Duffy, Esq.

### *Without Prejudice – All Rights Reserved*

| Re: | ***Flame Maritime Ltd. v. Hassan Ali Rice Export Co.*** |
|---|---|
| **Case no.** | **07 Civ. 4426 (WHP) – S.D.N.Y.** |
| **Your ref.:** | **Unknown – please advise** |
| **Our ref.:** | **07-1133** |

Dear Owen:

Can you please advise where things stand on this in light of our letter of last week? We have received the enclosed 'Diary Sheet' from our client showing that the Pakistani court is due to fix the case on August 7, 2007 as per our prior letter.

Further, we have received comments from our client's Pakistani counsel explaining the Pakistani proceedings and this further confirms that Flame would only entitled, following a final entry of Judgment in Pakistan which would presumably be the subject of an enforcement proceeding in New York, to $55,988.77 plus 4,800 Pounds. As such, we would appreciate if you can promptly confirm your client's agreement to voluntarily reduce the scope of its attachment in New York so that motion practice may be avoided.

Should you wish to discuss the foregoing please contact the undersigned at any time. Thank you very much for your prompt attention to the foregoing.

Very truly yours,

Kevin J. Lennon

KJL/bhs
Enclosure

Presented on 3-6-2006

Deputy Registrar (O.S.)

# HIGH COURT OF SINDH AT KARACHI

Execution Application No. 55 of 2006

M/s. Flame Maritime Ltd.
the decree holder hereby apply for the execution of the decree
herein below set forth:

| 1. Number of suit | 272 of 2000 | |
|---|---|---|
| 2. Name of parties | Flame Maritime Ltd. | D.H. |
| | versus | |
| | Hussain Ali Rice Export Co. | J.D. |
| | 102, Cotton Exchange Building, | |
| | I.I. Chundrigar Road, Karachi | |

### DIARY SHEET

19-5-2007.          Case fix on 07-8-2007.

Sd/- Kamran Memon.

ADDITIONAL REGISTRAR (O.S.)

CERTIFIED TO BE A TRUE COPY

Assistant Registrar (O.S.)

Nineth June 2007

Assistant Registrar.

※ ※ ※ Communication Result Report ( Jun. 12. 2007  5:27PM ) ※ ※ ※

1) Lennon, Murphy & Lennon LLC
2) Tide Mill Landing, Southport

Date/Time: Jun. 12. 2007  5:26PM

| File No. Mode | Destination | Pg(s) | Result | Page Not Sent |
|---|---|---|---|---|
| 0442 Memory TX | 15167673605#1133 | P.  2 | OK | |

Reason for error
E. 1) Hang up or line fail
E. 3) No answer
E. 5) Exceeded max. E-mail size

E. 2) Busy
E. 4) No facsimile connection

---

## LENNON, MURPHY & LENNON, LLC – *Attorneys at Law*

The GrayBar Building
420 Lexington Ave., Suite 300
New York, NY 10170
*phone* (212) 490-6050
*fax* (212) 490-6070

Patrick F. Lennon - pfl@lenmur.com
Charles E. Murphy - cem@lenmur.com
Kevin J. Lennon - kjl@lenmur.com
Nancy R. Peterson - nrp@lenmur.com

Tide Mill Landing
2425 Post Road
Southport, CT 06890
*phone* (203) 256-8600
*fax* (203) 256-8615

June 12, 2007

*Via Facsimile (516) 767-3605*
Chalos O'Connor & Duffy LLP
366 Main Street
Port Washington, NY 11050
Attn:  Owen F. Duffy, Esq.

*Without Prejudice – All Rights Reserved*

Re:   *Flame Maritime Ltd. v. Hassan Ali Rice Export Co.*
      Case no.      07 Civ. 4426 (WHP) – S.D.N.Y.
      Your ref.:    Unknown – please advise
      Our ref.:     07-1133

Dear Owen:

Can you please advise where things stand on this in light of our letter of last week?  We have received the enclosed 'Diary Sheet' from our client showing that the Pakistani court is due to fix the case on August 7, 2007 as per our prior letter.

Further, we have received comments from our client's Pakistani counsel explaining the Pakistani proceedings and this further confirms that Flame would only entitled, following a final entry of Judgment in Pakistan which would presumably be the subject of an enforcement proceeding in New York, to $55,988.77 plus 4,800 Pounds.  As such, we would appreciate if you can promptly confirm your client's agreement to voluntarily reduce the scope of its attachment in New York so that motion practice may be avoided.

Should you wish to discuss the foregoing please contact the undersigned at any time. Thank you very much for your prompt attention to the foregoing.

Very truly yours,

Kevin J. Lennon

KJL/bhs
Enclosure

J 1133

# Kevin J. Lennon

| | |
|---|---|
| **From:** | Charles E. Murphy |
| **Sent:** | Friday, June 22, 2007 7:14 PM |
| **To:** | Owen Duffy |
| **Cc:** | Kevin J. Lennon |

**Subject:** Flame v. Hassan Ali Rice Export Co., SDNY 07 CV 4426 (WHP)

FOR SETTLEMENT PURPOSES ONLY AND WITHOUT PREJUDICE

Owen,

Per our discussion on Wed. June 20, 2007, please accept this communication as Defendant's final invitation to Plaintiff to voluntarily seek a reduction of the Ex Parte Attachment Order, and a corresponding partial release of the attached funds, to the level of $55,988.77 plus Pounds Sterling 4,800.00. per the Karachi Court Decree. Kindly provide your client's answer by close of business Monday, absent which Defendant shall reluctantly move for vacatur and for costs incurred in bringing the motion. Frankly, it's difficult to imagine any circumstances under which Judge Pauley would sustain the attachment at the current level, e.g., enforcement of the 1999 award is time barred such that Plaintiff is stuck with seeking to recognize and enforce the Pakistani decree. A voluntary reduction serves your client because it eliminates the risk that the attachment will be vacated in its entirety. Likewise, it serves my client because the excess funds that have been illegally attached may be quickly released.

We look forward to hearing from you.

**Charles E. Murphy**
Lennon, Murphy & Lennon, LLC

The GrayBar Building
420 Lexington Avenue, Suite 300
New York, NY 10170
(212) 490-6050 - Phone
(212) 390-6070 - Fax

Tide Mill Landing
2425 Post Road
Southport, CT 06890
(203) 256-8600 - Phone
(203) 256-8615 - Fax

*** NOTICE *** This message is being sent by a lawyer. It may contain attorney-client or attorney work product information subject to legal privilege. If you receive this message in error, please notify the sender. Thank you.

J 1133

## Kevin J. Lennon

**From:**   Owen Duffy [ofd@codus-law.com]
**Sent:**   Monday, June 25, 2007 9:50 AM
**To:**     Charles E. Murphy
**Cc:**     Kevin J. Lennon
**Subject:** RE: Flame v. Hassan Ali Rice Export Co., SDNY 07 CV 4426 (WHP)

Dear Chuck,

Unfortunately, I am not in a position to provide you with a response before the close of business today.

My contact to Flame was out all last week, and is just looking at my messages from last week and needs to confer with Flame.

If you can wait another day or two, I should be in a position to respond.

Owen F. Duffy
CHALOS, O'CONNOR & DUFFY, LLP
366 Main Street
Port Washington, New York 11050

Telephone: 516-767-3600
Telefax:  516-767-3605
Mobile Tel.: 516-721-8793
Email:    ofd@codus-law.com

Please visit our Website: www.codus-law.com

    -----Original Message-----
    **From:** Charles E. Murphy [mailto:cem@lenmur.com]
    **Sent:** Friday, June 22, 2007 7:14 PM
    **To:** Owen Duffy
    **Cc:** Kevin J. Lennon
    **Subject:** Flame v. Hassan Ali Rice Export Co., SDNY 07 CV 4426 (WHP)

    FOR SETTLEMENT PURPOSES ONLY AND WITHOUT PREJUDICE

    Owen,

    Per our discussion on Wed. June 20, 2007, please accept this communication as Defendant's final
    invitation to Plaintiff to voluntarily seek a reduction of the Ex Parte Attachment Order, and a
    corresponding partial release of the attached funds, to the level of $55,988.77 plus Pounds Sterling
    4,800.00. per the Karachi Court Decree.  Kindly provide your client's answer by close of business
    Monday, absent which Defendant shall reluctantly move for vacatur and for costs incurred in bringing the
    motion.  Frankly, it's difficult to imagine any circumstances under which Judge Pauley would sustain the
    attachment at the current level, e.g., enforcement of the 1999 award is time barred such that Plaintiff is
    stuck with seeking to recognize and enforce the Pakistani decree.  A voluntary reduction serves your
    client because it eliminates the risk that the attachment will be vacated in its entirety.  Likewise, it serves
    my client because the excess funds that have been illegally attached may be quickly released.

    We look forward to hearing from you.

**Charles E. Murphy**
**Lennon, Murphy & Lennon, LLC**

The GrayBar Building
420 Lexington Avenue, Suite 300
New York, NY  10170
(212) 490-6050 - Phone
(212) 390-6070 - Fax

Tide Mill Landing
2425 Post Road
Southport, CT  06890
(203) 256-8600 - Phone
(203) 256-8615 - Fax

*** NOTICE *** This message is being sent by a lawyer.  It may contain attorney-client or attorney work product information subject to legal privilege.  If you receive this message in error, please notify the sender.  Thank you.

# Kevin J. Lennon

| | |
|---|---|
| **From:** | Kevin J. Lennon |
| **Sent:** | Friday, June 29, 2007 4:08 PM |
| **To:** | 'Owen Duffy' |
| **Subject:** | Flame v. HAREC // Our ref. 07-1133 |
| **Importance:** | High |

Dear Owen:

Having not heard from you with respect to Flame's position on HAREC's demand to voluntarily reduce its NY attachment we will be moving to vacate or, alternatively, reduce the attachment next week. We will very likely seek recovery of HAREC's costs for being compelled to resort to motion practice on what appears to be a very clear situation of Flame overreaching in NY under Rule B/ If you'd like to discuss please feel free to call the undersigned. Thanks and have a good weekend.

Kind regards,

Kevin J. Lennon
Lennon, Murphy & Lennon, LLC
Visit our website at _www.lenmur.com_

*** NOTICE *** This message is being sent by a lawyer. It may contain attorney-client or attorney work product information subject to legal privilege. If you receive this message in error, please notify the sender. Thank you.

The Graybar Building
420 Lexington Avenue, Suite 300
New York, NY 10170
(212) 490-6050 - _phone_
(212) 490-6070 - _fax_

Tide Mill Landing
2425 Post Road, 3rd Floor
Southport, CT 06890
(203) 256-8600 - _phone_
(203) 256-8615 - _fax_