UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
FLAME MARITIME LIMITED,                         :
                                                :
           Plaintiff,                           :
                                                :          07 CIV 4426 (WHP)
      - against –                               :
                                                :
HASSAN ALI RICE EXPORT COMPANY,                 :
                                                :
           Defendant.                           :
-----------------------------------------------------------X

## DECLARATION OF AGA ZAFAR AHMED

      I, AGA ZAFAR AHMED, declare as follows:

      1.      My name is Aga Zafar Ahmed.  I am advocate admitted on March 27, 2004 with

Sindh Bar Council and am entitled to appear before all High Courts of Pakistan and I am a

partner in the Pakistani law firm of Aga Faquir Mohammad & Co.  I am fully aware of the

matters set forth in this Declaration as I am instructed by HASSAN ALI RICE EXPORT

COMPANY ("HAREC"), the Defendant herein, to file pleadings in the Honorable High Court

of Sindh at Karachi, Pakistan on its behalf.

      2.      I submit this Declaration in support of HAREC's motion to vacate, or reduce, the

maritime attachment filed by M/S FLAME MARITIME LTD. ("FLAME") in the Southern

District of New York.  I set out below for the New York Court's edification an explanation of the

Pakistani court proceedings undertaken by FLAME In Pakistan.

      3.      Flame filed Suit No.272 of 2000 [*Flame Maritime Limited vs. M/s Hassan Ali

Rice Export Co*] on 22-2-2000 in the Hon'ble High Court of Sindh at Karachi on the basis of a

1999 London arbitration award. The suit was filed under and pursuant to the Arbitration

(Protocol and Convention) Act, 1937, (hereinafter referred to as the "Act 1937"). The Act 1937 gives effect to Geneva Convention on the Execution of Foreign Arbitral Awards.

4.    The Single Judge of the High Court passed judgment dated January 23, 2006 in favour of FLAME and on the basis of this judgment, a decree dated March 25, 2006 was drawn up by the High Court. I attach hereto as Exhibits 1 and 2 true and accurate copies of the aforesaid respective Judgment and Decree.

5.    As per the Decree, an amount of US$55,988.77 is payable by HAREC to FLAME. Similarly, as per the Decree cost of award of GB£ 4,800/- was granted to FLAME. However, it must be noted that the Court specifically disallowed any award of interest in favor of FLAME and also did not grant FLAME any award of other costs and/or fees.

6.    FLAME, on the basis of the said Decree, filed an Execution Application No.55/2006 on March 6, 2006 claiming US$ 55,988/- and GB£ 4,800/- from the Pakistan court. I attach hereto as Exhibit 3 a true and accurate copy of the aforesaid Execution Application. As per Pakistani law, the same Court executes Decrees passed by it.

7.    The Sindh High Court is currently closed for summer vacations and shall re-open in the month of August, 2007. The Execution Application is therefore, fixed on August 7, 2007.

8.    HAREC has filed an appeal bearing HCA No.205/2006 against the judgment of the Single Judge before the Divisional Bench of the High Court. I attach hereto as Exhibit 4 a true and accurate copy of the HAREC appeal.

9.    HAREC's appeal after preliminary hearing by the bench, comprising of Chief Justice has been admitted for a Regular Hearing. HAREC is planning to obtain a stay against the Execution Application from the Divisional Bench of the Court.  The HAREC application for the stay will be pursued immediately following summer vacation.

10.     Under Pakistani law, a Decree follows a Judgment. A Decree has been defined as *'the formal expression of an adjudication which, so far as regards the Court expressing it, conclusively determines the rights of the parties with regard to all or any of the matters in controversy in the suit...'* [Section 2(2) of Civil Procedure Code, 1908].

11.     It is quite clear that the Judgment dated January 23, 2006 is a formal expression of adjudication and a final judgment. Thus, FLAME's 1999 London arbitration award has been reduced into a final Pakistani judgment. As such, FLAME's Verified Complaint filed in the Southern District of New York is false insofar as it states at Paragraph 14 that it does not have a Judgment against HAREC.

12.     As explained above, FLAME, has executed/enforced the decree i.e. **'final judgment'**. The Hon'ble High Court of Sindh at Karachi, as the executing court, *will allow* the execution application unless HAREC deposits/furnishes bank guarantee of the decretal amount in Court and ask for stay of the execution application on the ground that their appeal before the Divisional Bench (DB) of the High Court has been admitted for a Regular Hearing.

13.     If HAREC's stay is granted, the DB will hear the HAREC appeal and if the appeal is dismissed, the entire amount deposited/bank guarantee shall be encashed in favour of FLAME. On the contrary, if appeal is allowed, FLAME would not be able to encashed the bank guarantee.

14     Because FLAME has already filed execution/enforcement of the decree (final judgment), any enforcement proceedings at NY should be denied as FLAME should not be allowed to claim the same amount from two different courts.

I declare under penalty of perjury and the laws of the United States of America that the foregoing is true and correct.

Executed in Karachi, Pakistan on 11th July 2007.

**AGA ZAFAR AHMED**

# EXHIBIT 1

Ann - 'A'  31  1133
✓ Flame ✓
M FAEC

## D E C R E E.

IN THE HIGH COURT OF SINDH AT KARACHI

(ORIGINAL CIVIL JURISDICTION)

SUIT NO.272 OF 2000.

M/s.Flame Maritme Limtied.
Valletta, Malta, through its
Duly constituted attorney
Mr.Syed Shakil Ahmed, 604-5
6th Floor, Business Centre,
Mumtaz Hassan Road, Off:
I.I. Chundrigar Road, Karachi.............................................Plaintiffs/Owners.

VERSUS

M/s.Hassan Ali Rice Export Co.,
102, Cotton Exchange Building,
I.I. Chundrigar Road, Karachi.................................Defendants/Charterers.

APPLICATION UNDER SECTION 4, 5 AND 6 OF THE
ARBITRATION (PROTOCL & CONVENTION) ACT OF 1937
TO ENFORCE FOREIGN AWARD DATED 21.12.1999

The plaintiffs pray for judgement and decree as under:-

A) That this Hon'ble Court may pleased to order that the Foreign Award, annexed herewith in original as Annexure "A" be filed and pronounce the judgment and decree in terms thereof against the Defendants for the following sums:

i)    US$ 55,988.77 by way of demurrage;

ii)   Interest at the rate of 7.5% per annum on the said US$ 55,988.77 from 21.05.1999 till payment;

iii)  Pounds 4,800/- being the professional fee of the Arbitrator;

iv)   Interest at the rate of 7.5% per annum on the said Pounds 4,800/- from the date of Award till payment;

v)    Plaintiff's cost or the Award as agreed between parties or as may be determined by Arbitrator subsequently.

B)   Grant such other relief(s) as this Hon'ble Court may deem fit and proper under the circumstances of the case.

Whereas the plaintiff above named has filed suit with the above prayer in this Court on 22nd February, 2000 and whereas notice have been served upon the defendants, the defendants having filed objections to the award.

And whereas the suit coming on this 13th day of December, 2005 for hearing of objections to award and finally for the judgment on this 23rd day of January, 2006

2

before Justice Mrs.Qaiser Iqbal in the presence of Mr.Khalid Rehman, Advocate for the plaintiffs and Mr.Moulvi Yousaf, Advocate for the defendants, it is hereby ordered that defendants had failed to make out any ground to nullify the award, the objections, raised by the defendants are hereby rejected and the award is made rule of the Court excluding the interest, accordingly, the suit is decreed in terms of the said award with the above modification with no order as to costs as under:-

That the charterers/defendants shall forthwith pay to the Owners/plaintiffs US$ 55,988.77 (United States Dollars Fifty Five Thousand Nine Hundred and Eighty Eight and Seventy Seven Cents).

That the charterers/defendants shall bear and pay their own and the owners/plaintiffs costs of the reference and that the charterers/defendants shall bear and pay the costs of final award in the sum of £ 4,800.00 (Four Thousand Eight Hundred Pounds Sterling), inclusive of my fees, interlocutory charges and disbursements PROVIDED, however, that if, in the first instance, the oweners/plaintiffs shall have paid all or any part of the costs of the final award, they shall be entitled to an immediate reimbursement by the charterers/defendants of the sum so paid.

Given under my hand and the Seal of the Court, this 23rd day of January, 2006.

25/3/2006

ASSTT:SEALER.

CERTIFIED TO BE TRUE COPY

13/4/6

ASSISTANT REGISTRAR

APPLIED FOR ON
FEES ESTIMATED ON
ESTIMATED FEES DEPOSITED ON
COPY MADE READY ON
STAMP SUPPLIED ON
COPY CERTIFIED ON
COPY DELIVERED ON

COPYING
URGENT
COMPARING

TOTAL

13/4/6

ASSISTANT/REGISTRAR

# **<u>EXHIBIT 2</u>**

Ann - "A" 31 1133

Flame

Mareq

## D E C R E E

IN THE HIGH COURT OF SINDH AT KARACHI

(ORIGINAL CIVIL JURISDICTION)

SUIT NO.272 OF 2000.

M/s.Flame Maritme Limtied.
Valletta, Malta, through its
Duly constituted attorney
Mr.Syed Shakil Ahmed, 604-5
6th Floor, Business Centre,
Mumtaz Hassan Road, Off:
I.I. Chundrigar Road, Karachi...............................................Plaintiffs/Owners.

### VERSUS

M/s.Hassan Ali Rice Export Co.,
102, Cotton Exchange Building,
I.I. Chundrigar Road, Karachi.................................Defendants/Charterers.



APPLICATION UNDER SECTION 4, 5 AND 6 OF THE
ARBITRATION (PROTOCL & CONVENTION) ACT OF 1937
TO ENFORCE FOREIGN AWARD DATED 21.12.1999

The plaintiffs pray for judgement and decree as under:-

A)   That this Hon'ble Court may pleased to order that the Foreign Award, annexed
     herewith in original as Annexure "A" be filed and pronounce the judgment and
     decree in terms thereof against the Defendants for the following sums:

   i)    US$ 55,988.77 by way of demurrage;

   ii)   Interest at the rate of 7.5% per annum on the said US$ 55,988.77 from
         21.05.1999 till payment;

   iii)  Pounds 4,800/- being the professional fee of the Arbitrator;

   iv)   Interest at the rate of 7.5% per annum on the said Pounds 4,800/- from
         the date of Award till payment;

   v)    Plaintiff's cost or the Award as agreed between parties or as may be
         determined by Arbitrator subsequently.

B)   Grant such other relief(s) as this Hon'ble Court may deem fit and proper under
     the circumstances of the case.

Whereas the plaintiff above named has filed suit with the above prayer in this
Court on 22nd February, 2000 and whereas notice have been served upon the
defendants, the defendants having filed objections to the award.

And whereas the suit coming on this 13th day of December, 2005 for hearing of
objections to award and finally for the judgment on this 23rd day of January, 2006

2

before Justice Mrs.Qaiser Iqbal in the presence of Mr.Khalid Rehman, Advocate for the plaintiffs and Mr.Moulvi Yousaf, Advocate for the defendants, it is hereby ordered that defendants had failed to make out any ground to nullify the award, the objections, raised by the defendants are hereby rejected and the award is made rule of the Court excluding the interest, accordingly, the suit is decreed in terms of the said award with the above modification with no order as to costs as under:-

That the charterers/defendants shall forthwith pay to the Owners/plaintiffs US$ 55,988.77 (United States Dollars Fifty Five Thousand Nine Hundred and Eighty Eight and Seventy Seven Cents).

That the charteres/defendants shall bear and pay their own and the owners/plaintiffs costs of the reference and that the charterers/defendants shall bear and pay the costs of final award in the sum of £ 4,800.00 (Four Thousand Eight Hundred Pounds Sterling), inclusive of my fees, interlocutory charges and disbursements PROVIDED, however, that if, in the first instance, the owners/plaintiffs shall have paid all or any part of the costs of the final award, they shall be entitled to an immediate reimbursement by the charterers/defendants of the sum so paid.

Given under my hand and the Seal of the Court, this 23rd day of January, 2006.

H. Qaisar Iqbal
J. T. 15-3-2006

CERTIFIED TO BE TRUE COPY

25/3/2006

ASSTT:SEALER.

ASSISTANT REGISTRAR

APPLIED FOR ON
FEES ESTIMATED ON
ESTIMATED FEES DEPOSITED ON
COPY MADE READY ON 13 DEC 06
STAMP SUPPLIED ON
COPY CERTIFIED ON
COPY DELIVERED ON

COPYING FEE
URGENT FEE
COMPARING FEE
TOTAL

ASSISTANT REGISTRAR

# EXHIBIT 3

ATN : Mr Ameen

Execution Application No. 55 of 2006

M/s. Flame Maritime Ltd.
the decree holder hereby apply for the execution of the decree
herein below set forth:

| 1. Number of suit | 272 of 2000 | |
|---|---|---|
| 2. Name of parties | Flame Maritime Ltd. | D.H. |
| | versus | |
| | Hussain Ali Rice Export Co. | J.D. |
| | 102, Cotton Exchange Building, | |
| | I.I. Chundrigar Road, Karachi | |
| 3. Date of decree | 23/01/2006 | |
| 4. Payment of adjustment if any | Nil | |
| 5. Whether appeal preferred from the decree | Not known | |
| 6. Previous application, if any with result | First | |
| 6.A. Assignment | No | |
| 7. Amount with interest due up the decree or order or other relief granted thereby with particulars of any cross decree. | Principal amount | US$55,988.77 |
| 8. Amount of costs if any awarded | (cost not awarded) | £4,800.00 |
| 9. Total Amount | | US$55,988.00 £4,800.00 |
| 10. Against whom to be executed | Judgment Debtors abovenamed. | |
| 11. Made in which the assistance of the Court is required. | By attachment and sale of the moveable property viz: house hold/shop goods belonging to the Judgment debtor in his possession, to be pointed out to the bailiff of this Hon'ble Court to the extent of the decretal amount Under O.21 Rule 43 C.P. Code. | |

Advocate for Decree Holder

K.S.Ansari
Attorney of Decree Holder

Karachi
Dated: 03/06/2006

I, Khalid Saleem Ansari, Attorney of the applicant abovenamed do hereby declare at the Karachi this 3rd day of June 2006 that what is stated is true to the best of my knowledge and belief.

K.S.Ansari
Deponent

Advocate

Identified by me.

Solemnly affirmed on oath before me at Karachi this 3rd day of June 2006 by the Deponent abovenamed who is identified to me by the Nasimuddin Sheikh, Advocate known to me personally.

Commissioner for taking Affidavit.

Charged Rs ...

Receipt No. 807

bz

COMMISSIONER FOR TAKING AFFIDAVIT

Urgent
52 1 2 157
Mr. Zafar

Presented on. 3-6-2006

Deputy Registrar (O.S.)

# HIGH COURT OF SINDH AT KARACHI

Execution Application No. 55 of 2006

M/s. Flame Maritime Ltd.
the decree holder hereby apply for the execution of the decree
herein below set forth:

| 1. Number of suit | 272 of 2000 | |
|---|---|---|
| 2. Name of parties | Flame Maritime Ltd. | D.H. |
| | versus | |
| | Hussain Ali Rice Export Co. | J.D. |
| | 102, Cotton Exchange Building, | |
| | I.I. Chundrigar Road, Karachi | |

## DIARY SHEET

19-5-2007.          Case fix on 07-8-2007.

Sd/- Kamran Memon.

ADDITIONAL REGISTRAR (O.S.)

CERTIFIED TO BE A TRUE COPY

Assistant Registrar (O.S.)

Assistant Registrar.

# EXHIBIT 4

**IN THE HIGH COURT OF SINDH AT KARACHI**
(Civil Appellate Jurisdiction)


High Court Appeal No. 205 /2006


Abdullah son of Akbar Ali
Proprietor of Hasan Ali Rice Export Co.
Muslim, adult and having office at
102 Cotton Exchange Building,
I.I. Chundrigar Road,
Karachi----------------------------------------------------------------------Appellant


*Versus*


Flame Maritime Limited
Valletta, Malta, a company incorporated
under the laws of Malta through its duly
constituted attorney Syed Shakil Ahmed,
604-5, 6th Floor, Business Centre,
Mumtaz Hasan Road,
Off I.I.Chundrigar Road,
Karachi----------------------------------------------------------------Respondent


**HIGH COURT APPEAL UNDER SECTION 96
CPC READ WITH SECTION 3 OF THE LAW
REFORMS ORDINANCE R/W SECTION 15
OF THE ORDINANCE 'X' OF 1980**


Being aggrieved and dissatisfied with the judgement dated 23-1-

2006 and decree dated 25-03-2006 passed by the Hon'ble Single Judge in

Suit No.272 of 2000 [*Flame Maritime Limited vs. M/s Hassan Ali Rice*

*Export Co*] filed under and pursuant to the **Arbitration (Protocol and**

**Convention) Act, 1937,** (hereinafter referred to as the '**Act 1937**'), the

appellant above named respectfully prefers this appeal, inter-alia, on the following facts and grounds:-

> *Certified copy of the judgement and decree is annexed herewith as annexure "A"*

### QUESTIONS OF LAW

Following significant question of law need determination from this Hon'ble Divisional bench of the High Court -

a)    Whether a arbitration award which is not a 'foreign award' within the meaning of section 2(1)(b) of the Act, 1937 can be enforced in Pakistan?

### F A C T S

Brief facts of the case are:

1.    That the Respondent (as owners) chartered their vessel 'm.v.Junior M' by way of a Charterparty (hereinafter referred to as 'the Charterparty') dated 29-1-1999 to the Appellant for a voyage from 1-2 safe berth(s) Karachi to 1-2 safe berth(s), Antsiranana, Moroni, Mahananga.

2.    That according to the terms of the charterparty the cargo was loaded on M.V. Junior M (hereinafter referred to as "the vessel") and a notice of readiness was delivered to the Appellant on February 2, 1999, at 1048 hours.

3.    That after discharging initial 2000 metric tons of cargo at the port of Antisirinana, the vessel reached the port of Moroni, Cormores Island, on February 23, 1999. However, the Respondent through its agent at Moroni

informed the Appellant on February 23, 1999 that due to some government restraint/dispute between receiver and Government of Comoros Island, the vessel is not allowed to let anchor the vessel.

4.     That a situation had arisen at the nominated port of discharge which virtually resulted in the vessel being locked out/access blocked by the sovereign authorities of the port of discharge. The situation continued beyond a period of 48 hours. As a consequence and in terms of clause 15 of the agreement, the receivers had the option of keeping the vessel waiting until blocked is at an end against paying half demurrage after expiration of the time provided for discharge without risk of being detained by such contingency.

5.     That the Appellant was not responsible for the situation that the vessel confronted at the Morni port. Despite best efforts by the parties, there was no change in the situation till March 8. 1999 and the consignment was not discharged. In this circumstance the Appellant, with the object of avoiding delays and expenses, advised the Respondent that the goods be discharged at the ports in Madagascar.

6.     That the agents of the Respondent vide its fax of March 9,1999, informed the Appellant that the situation at the Port of Morni is not likely to change within the next 4-5 days.

7.     That in response to the earlier fax of the Appellant dated March 8.1999, for the discharge of the goods at another port, the Respondent refused the request on the ground that it will be in breach of the charterparty agreement. This refusal of the Respondent was completely

contrary to the provision of the charterparty as well as the applicable law. The Respondent failed to explain as to how this would amount to a breach of the charterparty.

8.      That although the Respondent had refused to discharge the cargo at another port in the neighborhood, it nevertheless offered to discharge the goods as per the request of the Appellant but subject to certain conditions which were nothing but abuse of position of the owner/Respondent in whose possession the consignment of the Appellant was lying.

9.      That Appellant by its fax of March 10,1999, vehemently protested against these unreasonable demands of the Respondent and requested it to reconsider the matter.

10.     That as the demands of the Respondent were completely unjustified and against the charterparty, the Appellant by its fax messaged of March 12, 1999, drew the Respondent's attention to the fact that under clause 13 of the charterparty three ports were already nominated. It further informed the Respondent that they wish to have 3000 mt of rice discharged at Mahajunga (one of the three ports) and 4000 mt delivered at Tamatave at the rate prescribed in the charterparty for an additional port. The Appellant further informed the Respondent that everything including demurrage will be settled in accordance with the charterparty agreement.

11.     That the Appellant reiterated these points in its fax message of March 15, 1999. It also added that after discharging 2000 mt of cargo at Antsiranana, there was a balance of 7000 mt on board and it had not utilized the second port of discharge at Moroni due to the governmental

intervention which constituted force majuere. Thus, there was no question of the Appellant being in breach of the charterparty agreement. It was only in order to mitigate losses that the Appellant had asked the Respondent to sail to Madgascar to discharge the cargo. The Appellant also offered to pay a reasonable compensation for waiting time at Moroni.

12.     That contrary to the accommodative approach of the Appellant, the Respondent acted most unreasonably and was determined to exploit the position in which the Appellant had been put into on account of no fault of its own. Thus, the Swedish club sent a message to the Appellant alleging breach of contract. The Respondent also served a legal notice through its Solicitors on March 15, 1999, calling upon the Appellant to nominate its Arbitrator in respect of all and any disputes under the charterparty.

13.     That the Swedish Club by their fax of March 17, 1999, threatened the Appellant that if the terms of the proposal of the Respondent are not acceptable to the Appellant then the matter will be proceeded against it as per the notice of march 15, 1999. Another fax dated 16.3.99 by the Swedish Club to the Appellant received on 17.3.99 confronted the Appellant with "take it or leave it" threat.

14.     That the Respondent thus, confronted the Appellant with the unenviable situation of either accepting the most unreasonable and extortionate terms under coercion or leave the fate of the cargo to the whims of the Respondent. This was pure and simple blackmail. Under these exceptional circumstance the Respondent was completed and forced against its will to submit to these extortionate demands of the Respondent and

agree to terms and conditions which virtually nullified the charterparty and purportedly engrafted highly one sided terms thereupon.

15.    That Respondent, therefore, prepared Addendum No.1 and forwarded it to the Appellant for its signature. As the goods were on board of the Respondent's ship, therefore, the Appellant had no alternative but to submit to these coercive demands. It, therefore, signed the addendum under duress and coercion.

16.    That by its fax of May 2, and May 5, 1999, the Appellant informed the Respondent and the shipbroker that the said Addendum was obtained from it under duress and coercion. Thus, it has no force and the Appellant was only subject to the conditions stipulated in the charterparty it self. The only exception was that the detention charges of US $ 4750 per day to which the Appellant had earlier agreed.

17.    That despite the submission of the Appellant and their valid objections that there is Arbitrator has no jurisdiction to the dispute arising out of and under the Addendum and therefore, the disputes have to be settled by some competent court of law, the Respondent and the Arbitrator proceeded with the arbitration proceedings.

18.    That the Appellant therefore, filed Suit No.1051/1999 in the Hon'ble High Court of Sindh at Karachi for cancellation of the Addendum obtained by way of duress and coercion.

19.    That the Arbitrator however, also ignored the fact of filing suit in the competent court of law instituted by the Appellant and therefore, the

Appellant having no other alternative filed their defence/counter claim with the Arbitrator.

20.    That the Arbitrator gave an award in favour of the Respondent on 21-12-1999.

21.    That thereafter, the Respondent filed the suit out of which this appeal arises, alleging to be a suit under and pursuant to the Arbitration (Protocol & Convention) Act, 1937.

> *Copy of the plaint with annexures thereto is annexed herewith as annexure "B"*

22.    That the Appellant filed objections/written statement.

> *Copy of the objections/written statement is annexed herewith as annexure "C"*

23.    That after hearing the counsel of the parties, the learned single judge passed the impugned judgment and decree, which is assailed in this appeal.

Hence this appeal, interalia on the following grounds:-

## GROUNDS

I.    That the learned single judge erred in law as the impugned judgment is contrary to law and the facts and circumstances of the case, and to the law applicable thereto.

II.    That the learned single judge erred in law to allow the suit when the suit does not met the conditions setout under section 2, subsection 1 (b) of the Act and therefore, the award filed is not a "foreign award" under the Act, 1937 and as such suit was liable to be dismissed.

III.     That the learned single judge erred in law to allow the suit when the suit itself was liable to be dismissed as the Plaintiff admittedly is a company incorporated in Republic of Malta (*Repubblika ta' Malta).* Under the Notification issued by the late Central Government of British India dated 8-01-1938 (hereinafter referred to as '1938 notification'), Republic of Malta is not mentioned in the said notification and as such Republic of Malta is neither a <u>party</u> to the Convention setforth under the Second Schedule of the Arbitration (Protocol and Convention) Act, 1937, (hereinafter referred to as "Act, 1937") nor the President of Republic of Malta is declared as <u>powers</u> under section 2(1)(b) of the Act, 1937. Thus the award filed is not a "foreign award" within the meaning of section 2 of the Act, 1937.

> *Typed copy of the notification is annexed herewith and marked as "D"*

IV.     That the learned single judge erred in law to allow the suit when the suit itself merits dismissal as the Defendant is subject to the jurisdiction of Pakistan. The 1938 notification issued by the late Central Government of British India neither declare President of Pakistan as one of the <u>powers</u> within the meaning of section 2(1)(b) of the Act, 1937 nor Pakistan was declared as a party to the Protocol / Convention set forth in the Schedule of the Act, 1937.

V.     That the learned single judge failed to appreciate that the suit is liable to be dismissed as the Plaintiff being a corporate entity cannot authorize any person through power of attorney. Neither board resolution nor Articles of Association of the company, which are essential requirements for filing court proceeding are filed.

VI.    The learned single judge failed to appreciate that section 2(2) of the Act, 1937 inserted in the statute as the result of the decision of Honorable Supreme Court in Yangtze (London) Ltd. Vs. Barlas Brothers (PLD 1961 SC page 573) (hereinafter referred to as the '*Barlas Brothers case*') does no more than purport to alter the issuing authority of the notification and does not change the contents of the notification issued by the late Government of India.

VII.    The said notification does not state that the Central Government of British India/Pakistan has been satisfied that reciprocal provisions have been made is the United Kingdom for enforcement in the United Kingdom of award made in Pakistan.

VIII.    The said notification declared United Kingdom and British India as powers which are parties to the said Convention. In effect, at the material time when the said notification was issued, United Kingdom and British India were one power, that is, the King of the United Kingdom, whereas section 2 of the Act, 1937 requires, for enforcement of an award as "foreign award" that one party is subject to the jurisdiction of some other of such power as are parties to the convention.

IX.    That clause (c) of section 2 (the terms of which also have to be separately satisfied for an award to be a "foreign award") provides that the award must have been made in a territory of one of the Powers or countries party to the Convention on the Execution of Foreign Arbitral Awards, for which the Federal government, being satisfied that reciprocal arrangements have been made, declare by notification to be a territory to which the

convention applies. No such notification was made in respect of the Republic of Malta.

X.      The learned Single Judge failed to appreciate that the award is liable is to be dismissed as the arbitrator committed misconduct.

XI.     The learned Single Judge failed to appreciate that the Award on the face of it is contrary to section 7(2) of the 1937 Act, and must be refused to be enforced under Section 7(3) of the Act, as the Arbitrator is guilty of misconduct as much as the award was made on the basis of the Addendum, which Addendum was obtained by way of duress and as such was not the part of the charterparty.\

XII.    The learned Single Judge failed to appreciate that the so called Addendum to the charterparty was obtained under duress and the Appellant had no option but to accept the illegal and mala fide demands of the Respondent. That otherwise the charterparty was a complete document which covered all situations which were likely to arise and actually did arise in the course of performance of the contract. The amendment in the charterparty through the Addendum rewrote the existing obligations of the Appellant without conferring any new corresponding benefit or consideration to it. It was illegal, unilateral, devoid of consideration and mutuality and contrary to the charterparty and was obtained under duress and compulsion against the will of the Appellant.

XIII.   The learned Single Judge failed to appreciate that the Appellant was ready and willing to pay the demurrage charges in accordance with clause 43 of the charterparty. However, the Respondent failed to submit the demurrage documents. Insofar as the detention charges for delay off the port of Mahajunga were concerned, the Appellant has already paid US $

15,437.50/-. That as no dispute had arisen under the charterparty, no question of arbitration thereunder arose.

XIV.    The learned Single Judge failed to appreciate that the jurisdiction of the Arbitrator is limited to '*any dispute arising under this charterparty...*'. The dispute between the Respondent and the Appellant did not arise under the charterparty. It relates to the Addendum. The Addendum created new obligations which were not provided for in the original charterparty. Thus, the arbitration clause contained in the charerparty could not give jurisdiction to any Arbitrator to adjudicate in respect of a dispute which arises under the Addendum.

XV.     The learned Single Judge failed to appreciate that the core issue i.e whether the Addendum was a valid document. Secondly, even if it was assumed that the Addendum was a legally binding document, whether the dispute relying entirely upon the Addendum could be referred to the arbitrator.

XVI.    The learned Single Judge failed to appreciate that the learned Arbitrator had no jurisdiction to decide whether the Addendum was a valid document. Until that question was determined, the Addendum could not be read into the charterparty including its arbitration clause 54.

XVII.   The learned Single Judge failed to appreciate that that the learned Arbitrator had commenced proceedings even before the addendum was brought into existence. The learned Arbitrator could not claim jurisdiction on the basis of a document which was not even in existence when she assumed jurisdiction. The learned arbitrator clearly committed misconduct herself.

XVIII.   That the learned Single Judge has failed to properly construe and apply the provisions of section 7 of the 1937 Act, in terms of which the enforcement of the foreign award can be refused by Pakistani Courts. It is submitted that the learned Single Judge has materially erred in his appreciation of the powers and duties of the Court in terms thereof. As a result of this erroneous interpretation of the said section, the learned Single Judge has committed a material error of law and the Impugned Judgment is liable to be set aside.

XIX.   That the learned Single Judge failed to appreciate that the Award was not stamped in accordance with the law. The award could not have been enforced on this ground alone.

XX.   That the Appellant craves leave to urge additional grounds at the time of the hearing of the Appeal.

### **PRAYER**

It is, therefore, prayed that this Hon'ble Court may be pleased to, after calling record and proceedings of the suit:-

(i)   Allow this appeal and set aside the impugned judgment and decree.

(ii)   Any other order that this Hon'ble High Court may deems fit and proper under the circumstances

(iii)   Cost of the appeal.

Karachi

Dated                                                              Appellant


                                                         Advocate for the Appellant

\\Fileserver\documents\HIGHCOURT\ICA\Abdullah\hasmal(export)_flame\memo_appeal.doc - 12 -

## VERIFICATION

I, Abdullah son of Akbar Ali, Muslim, adult and resident of Karachi do hereby state and affirm on oath that whatever stated hereinabove is true and correct to the best of my knowledge, belief and information.

Deponent

Identified by me

Regd.Court Clerk

Solemnly affirmed on oath before me by the deponent above named at Karachi on this _____ day of April, 2006 who is identified to me by Mr.Augustin Herry Lobo, registered court clerk of M/s Aga Faquir Mohammad & Co., Advocates who is known to me personally.

COMMISSIONER OF TAKING AFFIDAVITS