Chalos, O'Connor & Duffy LLP
Attorneys for Plaintiff,
FLAME MARITIME LIMITED
366 Main Street
Port Washington, New York
11050
Tel: (516) 767-3600
Fax: (516) 767-3605
Owen F. Duffy (OD-3144)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
FLAME MARITIME LIMITED,                    :
                                           :
                    Plaintiff,             :
                                           :
            v.                             :     07 CIV. 4426 (WHP)
                                           :
                                           :
                                           :
HASSAN ALI RICE EXPORT COMPANY,            :
                                           :
                    Defendants.            :
-----------------------------------------------------------------x

# ATTORNEY'S AFFIDAVIT
## IN OPPOSITION TO MOTION TO VACATE MARITIME ATTACHMENT

State of New York     :
                      : ss.
County of Nassau      :

Owen F. Duffy, being duly sworn, states under penalty of perjury as follows:

1. I am a member of the Bar of the State of New York, and I am admitted to practice before this Court.

2. I am a member of the firm of Chalos, O'Connor & Duffy, LLP, attorneys for the Plaintiff Flame Maritime Ltd., in this action.

3. I am fully familiar with the matters set forth in this affidavit, and my knowledge of the matters set forth in this affidavit is based on information provided to me by Plaintiff Flame Maritime Ltd., its agents and attorneys and my own independent research.

4. I submit this affidavit for the purpose of setting forth the facts and introducing evidence of the facts in Opposition to Defendant'' Motion to Vacate the Process of Maritime Attachment and Garnishment that was issued by this Honorable Court on May 31, 2007.

### THE PARTIES

5. The Plaintiff, FLAME MARITIME LIMITED (hereinafter "FLAME"), was and still is a foreign corporation or other business entity duly organized and existing pursuant to the laws of Malta, with an office and principal place of business in care of Transocean Marine Management at 6 Tatoiu Street, Kifsia, Athens, Greece. *See*, Verified Complaint, dated May 30, 2007, at ¶ Second.

6. The Plaintiff, FLAME, was the owner of an ocean-going vessel known as the M/V JUNIOR M. *See*, Verified Complaint, dated May 30, 2007, at ¶ Third.

7. The Defendant, HASSAN ALI RICE EXPORT COMPANY (hereinafter "HASSAN"), was and still is a foreign corporation or other business entity duly organized and existing pursuant to the laws of Pakistan, with an office and principal place of business at Cotton Exchange Building, I.I. Chundrigar Road, Karachi, Pakistan. *See*, Verified Complaint, dated May 30, 2007, at ¶ Fourth.

8. Defendant, HASSAN, is a commodity trader with a specialty in the export of rice from Pakistan. *See*, Verified Complaint, dated May 30, 2007, at ¶ Fifth.

9. The Defendant Hassan is not found within the Southern District of New York for the purposes of Supplemental Rule B. *See*, Verified Complaint, dated May 30, 2007, at ¶ Sixteenth.

## THE BACKGROUND TO THE INSTANT LITIGATION

### THE DEFENDANT HASSAN CHARTERED THE M/V JUNIOUR M FROM PLAINTIFF, FLAME.

10. In order to ship and transport its cargoes of rice, the Defendant, HASSAN, charters ocean-going vessels from vessel Owners such as Plaintiff, FLAME. *See*, Verified Complaint, dated May 30, 2007, at ¶ Sixth.

11. Pursuant to a Voyage Charter Party, dated January 29, 1999, the Defendant HASSAN chartered the M/V JUNIOR M from the Plaintiff FLAME for the carriage of a cargo of white Pakistani rice from Karachi, Pakistan to Moroni in the Cormores Islands in accordance with the terms and conditions of the Charter Party which

required the Defendant HASSAN to pay freight and other amounts, including demurrage, to Plaintiff FLAME. *See*, Verified Complaint, dated May 30, 2007, at ¶ Seventh.

12. The Charter Party agreement was a maritime contract. *See*, Verified Complaint, dated May 30, 2007, at ¶ Eighth.

### DISPUTES UNDER THE CHARTER PARTY AROSE BETWEEN PLAINTIFF, FLAME, AND DEFENDANT, HASSAN.

13. During the course of the charter party, the Defendant HASSAN breached the charter party by, among other things, failing to pay demurrage in the amount of $59,721.35, together with interest and costs. *See*, Verified Complaint, dated May 30, 2007, at ¶ Ninth.

### PLAINTIFF, FLAME, INITIATED ARBITRATION AGAINST DEFENDANT, HASSAN.

14. In accordance with the terms and conditions of the charter-party, dated January 29, 1999, the Plaintiff FLAME initiated arbitration proceedings against the Defendant HASSAN in London, England seeking to recover damages for breach of charter party on March 16, 1999. *See*, Verified Complaint, dated May 30, 2007, at ¶ Tenth and Exhibit 1, Arbitration Award, dated December 21, 1999, at ¶ 4.

15. As set forth in the Arbitration Award, dated December 21, 1999, the Plaintiff, Flame, and Defendant, Hassan, had agreed that any disputes arising under the charter party would be subject to London arbitration with English law to apply. *See*, Exhibit 1, Arbitration Award, dated December 21, 1999, at ¶ 3.

16. Contrary to the contractual agreement between the Plaintiff, Flame, and Defendant, Hassan, the Defendant Hassan initiated a civil suit in the High Court of Sindh in Karachi, Pakistan on July 31, 1999, in an attempt to avoid arbitration on the ground that the arbitrator lacked jurisdiction to determine the disputes that had arisen under the

addendum to the charter party. *See*, Exhibit 1, Arbitration Award, dated December 21, 1999, at ¶ 6.

17. The Defendant Hassan subsequently conceded that the London arbitrator did have jurisdiction to determine the dispute with the Plaintiff Flame under the charter party, but not the addendum thereto. *See*, Exhibit 1, Arbitration Award, dated December 21, 1999, at ¶ 6.

### AN ARBITRATION AWARD WAS RENDERED IN FAVOR OF PLAINTIFF FLAME.

18. On December 21, 1999, the duly appointed London arbitrator awarded and directed the Defendant HASSAN to pay the Plaintiff FLAME the sum of $55,988.77, together with interest thereon at the rate of 7.5% per annum compounded at quarterly rests from 21st May 1999 until the date of payment. *See*, Exhibit 1, Arbitration Award, dated December 21, 1999, at ¶ 112 B & C.

19. With the London Arbitrator's award of interest, the Arbitrator specifically noted that "Section 49 of the Arbitration Act, 1996 gives the Tribunal the power to award simple or compound interest from such dates, at such rates and with such rests as it considers meets the justice of the case." Exhibit 1, Arbitration Award, dated December 21, 1999, at ¶ 109.

### THE DEFENDANT, HASSAN, HAS FAILED TO HONOR THE ARBITRATION AWARD.

20. The Defendant HASSAN is in breach of its obligations under the charter-party by reason of its failure to pay the demurrage and, also, its failure to pay the arbitration award dated December 21, 1999. *See*, Verified Complaint, dated May 30, 2007, at ¶ Fifth.

21. Accounting for interest as awarded by the London arbitrator, the total amount due and owing to Plaintiff FLAME pursuant to the arbitration award is

approximately $108,701.08. *See*, Verified Complaint, dated May 30, 2007, at ¶ Thirteenth.

### THE PLAINTIFF, FLAME, INITIATED PROCEEDINGS IN PAKISTAN TO ENFORCE THE ARBITRATION AWARD.

22. On February 22, 2000, the Plaintiff FLAME initiated proceedings to enforce the arbitration award against the Defendant HASSAN in Karachi, Pakistan. *See*, Verified Complaint, dated May 30, 2007, at ¶ Fourteenth; and, Exhibit 2, Flame Maritime Limited v. M/S Hassan Ali Rice Export Co., Suit No. 272 of 2000 in the High Court of Sindh at Karachi, Pakistan.

23. Almost 6 years later, on January 23, 2006, the High Court of Sindh at Karachi, Pakistan, entered a decree enforcing the arbitration award as follows:

> "it is hereby ordered that defendants had failed to make out any ground to nullify the award, the objections raised by the defendants are hereby rejected and the award is made a rule of the Court, excluding interest, accordingly, the suit is decreed in terms of said award with the above modification with no order as to costs as under:-
> That the charterers/ defendants shall forthwith pay to the Owners/plaintiffs US$55,988.77 (United States Dollars Fifty Five Thousand Nine Hundred and Eighty Eight and Seventy Severn Cents).
> That the charterers/defendants shall bear and pay their own and the owners/plaintiffs costs of the reference and that the charterers/defendants shall bear and pay costs of the final award in the sum of £4,800.00 (Four Thousand Eight Hundred Pounds Sterling), inclusive of my fees, interlocutory charges and disbursements PROVIDED, however, that if, in the first instance, the owners/plaintiffs shall have paid all or part of the costs of the final award, they shall be entitled to an immediate reimbursement by the charterers/defendants of the sum so paid."

*See*, Exhibit 2, Decree of January 23, 2006.

24. Flame's counsel in the proceedings before the High Court of Sindh at Karachi in Pakistan has since advised that the High Court in Pakistan did not confirm the

award of interest because "interest has been held by the Supreme Court of Pakistan in various judgments to be repugnant to the Islamic Injunctions laid down by the Holy Quran."

25. Flame Maritime, on the basis of the decree from the High Court of Sindh at Karachi in Pakistan, filed an application for Execution of the Judgment on June 3, 2006. *See*, Exhibit 3.

26. At some undetermined time, thereafter, the Defendant, Hassan, filed an appeal in the High Court of Sindh at Karachi to "allow the appeal, and set aside the impugned judgment and decree." *See*, Exhibit 4, at Prayer for Relief.

27. On May 19, 2007, the High Court of Sindh at Karachi set the Pakistani Proceedings down for further hearings to take place on August 7, 2007. *See*, Exhibit 5.

28. The hearing that was to take place before the High Court of Sindh at Karachi on August 7, 2007 did not take place and it was adjourned *sine die* by the High Court of Sindh at Karachi.

29. Thus far, after more than seven (7) years, the Defendant, Hassan, has not paid any part of the Arbitration Award that was rendered on December 21, 1999.

30. The Defendant, Hassan, has not provided any security for any part of the Arbitration Award that was rendered on December 21, 1999.

## THE INSTANT LITIGATION

31.  The Plaintiff, Flame, initiated the instant litigation with the filing of a Verified Complaint, containing a prayer for issuance of Process of Maritime Attachment and Garnishment, on May 31, 2007. *See*, Verified Complaint, dated May 30, 2007

32.  On May 30, 2007, this Honorable Court issued a Process of Maritime Attachment and Garnishment authorizing the attachment of any property of the Defendant, Flame, up to the amount of $150,000.00 in accordance with Rule B of the Supplemental Rules for Admiralty and Maritime Claims.

33.  The Plaintiff, Flame, caused the Process of Maritime Attachment and Garnishment to be served on several banks within this district as garnishees of the Defendant Hassan.

34.  Garnishee, Wachovia Bank, has restrained funds belonging to the Defendant, Hassan, in the amount of $62,200.00 on June 7, 2007.

35.  Garnishee, Deutsche Bank, has restrained funds belonging to the Defendant, Hassan, in the amount of $60,000.00 on June 15, 2007.

36.  The present amount under attachment in New York pursuant to the Process of Maritime Attachment is $122,200.00.

37. In accordance with the Supplemental Rules, the Defendant, Hassan, has been properly notified of the attachments.

38. The Plaintiff Flame Maritime has not obtained security in excess of that authorized by the Process of Maritime Attachment and Garnishment.

Dated:  Port Washington, New York
        August 13, 2007

                                        Respectfully submitted,
                                        CHALOS, O'CONNOR & DUFFY
                                        Attorneys for Plaintiff,
                                        FLAME MARITIME LIMITED

                        By:    _____
                                        Owen F. Duffy (OD-3144)
                                        366 Main Street
                                        Port Washington, New York
                                        11050
                                        Tel:    516-767-3600
                                        Telefax: 516-767-3605

Sworn to Before me:

Notary Public on August 13, 2007.

TIMOTHY SEMENORO
NOTARY PUBLIC, STATE OF NEW YORK
NO. 02SE6112804
QUALIFIED IN NASSAU COUNTY
COMMISSION EXPIRES JULY 12, 2008