Chalos, O'Connor & Duffy LLP
Attorneys for Plaintiff,
FLAME MARITIME LIMITED
366 Main Street
Port Washington, New York
11050
Tel: (516) 767-3600
Fax: (516) 767-3605
Owen F. Duffy (OD-3144)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
FLAME MARITIME LIMITED,                       :
                                              :
                    Plaintiff,                :
                                              :
        v.                                    :    07 CIV. 4426 (WHP)
                                              :
                                              :
                                              :
HASSAN ALI RICE EXPORT COMPANY,               :
                                              :
                    Defendants.               :
-----------------------------------------------------------x

# MEMORANDUM OF LAW
# IN OPPOSITION TO MOTION TO VACATE MARITIME ATTACHMENT

## **TABLE OF CONTENTS**

TABLE OF CONTENTS ..................................................................................ii

TABLE OF AUTHORITIES ............................................................................iii

PRELIMINARY STATEMENT........................................................................1

STATEMENT OF FACTS.................................................................................2

LEGAL ARGUMENT........................................................................................2

    I.     THE BURDEN OF PROOF..................................................................2

    II.    THE PLAINTIFF CANNOT MEET ITS BURDEN TO SHOW THAT THE ATTACHMENT SHOULD BE VACATED............................5

    III.   THE ATTACHMENT SHOULD NOT BE REDUCED......................7

CONCLUSION ..................................................................................................12

## TABLE OF AUTHORITIES

**PAGE**

**CASES**

American Construction v. Mechanized Construction of Pakistan, Ltd.,
659 F. Supp. 426 (S.D.N.Y. 1987)..........................................................................10

Amoco Overseas Oil Co. v. Compagnie Nationale Algerienne de Navigation,
605 F.2d 648 (2d Cir. 1979).................................................................................3

Aqua Stoli Shipping Ltd. v. Gardiner Smith Pty Ltd.,
460 F.3d 434 (2d Cir. 2006).........................................................................3, 4 & 5

Bay Casino, LLC v. M/V ROYAL EMPRESS,
1999 U.S. Dist. LEXIS 22357 (S.D.N.Y. 1999)...................................................6

Dongbu Express Co. v. Navios Corp.,
944 F. Supp. 235 (S.D.N.Y. 1996).........................................................................7

In re Louisville Underwriters,
134 U.S. 488, 493, 10 S. Ct. 587, 33 L. Ed. 991 (1890)....................................2

Integrated Container Service, Inc. v. Starlines Container Shipping, Ltd.,
476 F. Supp. 119 (S.D.N.Y. 1979).........................................................................6

Island Territory of Curacao v. Solitron Devices, Inc.,
489 F.2d 1313 (2d Cir. 1973)..............................................................................8

Overseas Development Bank in Liquidation v. Nothmann,
115 A.D.2d 719, 496 N.Y.S.2d 534 (2d Dep't 1985).......................................11

Seetransport Wiking Trader Schiffarhtsgellschaft MBH v. Navimpex Centrala Navala,
29 F.3d 79 (2nd Cir. 1984)................................................................................11

Transportes Navieros y Terrestes v. Fairmount Heavy Transp. N.V.,
2007 U.S. Dist. LEXIS 50260 (S.D.N.Y. July 6, 2007).....................................7

V. Corp. Ltd. v Redi Corporation,
2004 U.S. Dist. LEXIS 20424 (S.D.N.Y. 2004).................................................7

Waterside Ocean Navigation Co. v. International Navigation Ltd.,
737 F.2d 150 (2nd Cir. 1984)............................................................................11

**STATUTES and RULES**

*Fed. R. Civ. P.*, Supplemental Rules for Certain Admiralty and Maritime Claims,
Rule B..................................................................................................................1, 3, 4

*Fed. R. Civ. P.*, Supplemental Rules for Certain Admiralty and Maritime Claims,
Rule E.......................................................................................................................3, 4

*Fed. R. Civ. P.*, Supplemental Rules for Certain Admiralty and Maritime Claims,
Rule E(4)(f)..............................................................................................................4, 5

*Fed. R. Civ. P.*, Supplemental Rules for Certain Admiralty and Maritime Claims,
Rule E(6)......................................................................................................................7

N.Y. CIV. PRAC. L. & R. 5302................................................................................6, 7

**OTHER AUTHORITIES**

11 Jack B. Weinstein *et al., New York Civil Practice P5302.01[1]* (2004)...................9

## **PRELIMINARY STATEMENT**

The Plaintiff, Flame Maritime Limited (hereinafter "Flame Maritime"), by its undersigned counsel, Chalos, O'Connor & Duffy, LLP, submits this Memorandum of Law in Opposition to the Motion to Vacate, or alternatively reduce, the Maritime Attachment that has been presented by the Defendant Hassan Ali Rice Export Company (hereinafter "Hassan").

Pursuant to a Process of Maritime Attachment and Garnishment, dated May 30, 2007, which authorized the attachment of the Defendant's property in an amount up to $150,000.00, plus interests and costs, the Plaintiff has restrained electronic fund transfers belonging to the Defendant Hassan in the amount of $122,200.00.

For the reasons set forth herein, and in the accompanying Attorney's Affidavit of Owen F. Duffy, the Defendant's Motion to Vacate, or alternatively reduce, the Maritime Attachment should be denied. Simply put, and as will be demonstrated further herein, the Plaintiff Flame Maritime has satisfied the requirements for a Rule B attachment and there are no valid grounds to vacate the attachment or reduce the attachment.

The Defendant Hassan's complaints that the Plaintiff's claim is frivolous and is intended to harass and cause financial injury are groundless. The fact of the matter is that the Plaintiff and the Defendant were parties to a commercial maritime contract whereby they agreed to resolve any disputes in arbitration in London and in accordance with English law. Disputes arose, the matter was arbitrated and the arbitrator issued an award in favor of the Plaintiff Flame Maritime. Notwithstanding the Plaintiff's efforts, over the course of more than seven (7) years, to enforce the award, the overarching point here is that the Defendant Hassan has still not satisfied the London arbitration award and the

Plaintiff, Flame Maritime, has no security, but for this attachment, to eventually see that the award is satisfied. Accordingly, it is the Defendant, Hassan, who presents the frivolous argument and it is the Defendant, Hassan, who has manipulated the legal systems of several countries for the past seven (7) years in an abusive effort to avoid its contractual obligations.

## STATEMENT OF FACTS

The facts pertaining to the instant Opposition to the Motion to Vacate the Process of Maritime Attachment and Garnishment are more fully set forth in the accompanying Attorney's Affidavit of Owen F. Duffy, dated August 13, 2007. Rather than restate the facts fully herein, this Memorandum of Law will make reference to, and will discuss as appropriate, the facts set forth the accompanying Attorney's Affidavit. Citation to the Attorney's Affidavit will refer to "Duffy Affidavit at ¶ -."

## LEGAL ARGUMENT

### POINT I
### THE BURDEN OF PROOF

Maritime attachments arose because it is frequently, but not always, more difficult to find property of parties to a maritime dispute than of parties to a traditional civil action. Maritime parties are peripatetic, and their assets are often transitory. *See*, In re Louisville Underwriters, 134 U.S. 488, 493, 10 S. Ct. 587, 33 L. Ed. 991 (1890). Thus, the traditional policy underlying maritime attachment has been to permit the attachments of assets wherever they can be found and not to require the plaintiff to scour the globe to

2

find a proper forum for suit or property of the defendant sufficient to satisfy a judgment. *See,* Amoco Overseas Oil Co. v. Compagnie Nationale Algerienne de Navigation, 605 F.2d 648, 655 (2d Cir. 1979).

In that sense, the instant matter presents the prototypical case for maritime attachment. The Plaintiff and Defendant were parties to a maritime dispute, and the Defendant, Hassan, has proven to be particularly peripatetic in that it: 1) originally contested the agreement to arbitrate; 2) it has not satisfied a duly rendered arbitration award; and 3) the Plaintiff has had to resort to litigation in an Islamic country, which has not recognized the award of interest, to enforce the award. Thus, after numerous years without any satisfaction, the Plaintiff is relying on the traditional policies that underlie maritime attachment to satisfy the English arbitration award.

With respect to the burden of proof, the Court of Appeals for the Second Circuit has held that, in addition to having to meet the filing and service requirements of Rules B and E, the plaintiff carries the burden to show that: 1) it has a valid prima facie admiralty claim against the defendant; 2) the defendant cannot be found within the district; 3) the defendant's property may be found within the district; and 4) there is no statutory or maritime law bar to the attachment. *See,* Aqua Stoli Shipping Ltd. v. Gardner Smith Pty Ltd., 460 F. 3d 434, 445 and n.5 (2nd Cir. 2006)(Rule E(4)(f) clearly places the burden on the plaintiff to show that an attachment was properly ordered and complied with the requirements of Rules B and E.).

In the case at hand, the Plaintiff Flame Maritime has carried its burden. More to the point, the Defendant Hassan does not contest that the Plaintiff Flame has valid prima facie admiralty claim against the defendant, that Hassan cannot be found within the

3

district, that Hassan's property was found within the district and that there is a statutory or maritime law bar to the attachment. *See generally*, Memorandum of Law in Support of Motion to Vacate Attachment, dated July 24, 2007.

Instead, the Defendant Hassan is relying on the Court's inherent authority to vacate an abusive or otherwise unfair attachment. *See*, Memorandum of Law in Support of Motion to Vacate Attachment, dated July 24, 2007, at Point II. In this regard, it is necessary to point out that Plaintiff's sweeping statement that the Second Circuit has held that the Court has inherent authority to vacate an abusive or otherwise unfair attachment is a complete overstatement of the Second Circuit's holding in Aqua Stoli. What the Court of Appeals actually held in Aqua Stoli was that:

> It does not follow, however, that district courts are without any equitable discretion to vacate maritime attachments that comply with Rule B. Following Integrated and the other pre-Rule E(4)(f) cases, we believe that an attachment may be vacated only in certain limited circumstances.
>
> ....
> While, as we have noted, the exact scope of a district court's vacatur power is not before us, we believe that a district court may vacate the attachment if the defendant shows at the Rule E hearing that 1) the defendant is subject to suit in a convenient adjacent jurisdiction; 2) the plaintiff could obtain in personam jurisdiction over the defendant in the district where the plaintiff is located; or 3) the plaintiff has already obtained sufficient security for the potential judgment, by attachment or otherwise.

Aqua Stoli at 444 – 445.

Furthermore, a defendant relying on one of the equitable grounds for vacatur as set fort in Aqua Stoli bears the burden of proof. Indeed, the Court of Appeals specifically stated: "Although Rule E does not explicitly mention a district court's equitable power to vacate an attachment or who bears such a burden, former Local Rule 12 required the

4

defendant to establish any equitable grounds for vacatur, and we believe that defendants still bear that burden under the Supplemental Rules." <u>Aqua Stoli</u> at 445, n.5.

Under the circumstance of this case, where the Plaintiff has met it burden of showing the grounds for maritime attachment exist and the Defendant Hassan is moving to vacate the attachment based on equitable grounds, it is the Defendant Hassan who carries the burden of proof to show that the this case fits within one of the limited bases for vacatur that have been identified by the Court of Appeals in <u>Aqua Stoli</u>.

## POINT II
### THE PLAINTIFF CANNOT MEET ITS BURDEN TO SHOW THAT THE ATTACHMENT SHOULD BE VACATED

The Defendant, Hassan, cannot meet its burden to demonstrate that any of the limited equitable grounds for vacatur exist in the present case. For example, the Defendant Hassan cannot, and does not, argue that it is subject to suit in a convenient adjacent jurisdiction to the Southern District of New York. Likewise, the Defendant Hassan cannot, and does not, argue that the plaintiff could obtain in personam jurisdiction over the defendant in the district where the plaintiff is located. The plaintiff is located in Greece, and the Defendant Hasasn is not subject to in personam jurisdiction in Greece. Finally, the Defendant Hassan does not, and cannot, argue that the plaintiff has already obtained sufficient security for the potential judgment, by attachment or otherwise. Notwithstanding the unsubstantiated allegations of the Defendant's counsel that "Plaintiff will be provided with a bank guarantee by Defendant within a few weeks time", the fact remains that the Defendant Hassan has not provided any security for past seven (7) years.

Accordingly, not one of the limited equitable grounds for vacatur exists in the present case.

The case law cited by the Defendant Hassan in support of its Motion to Vacate the Attachment is all pre-Aqua Stoli, inapposite and does nothing to support Hassan's position. For example, in Integrated Container Service, Inc. v. Starlines Container Shipping, Ltd., 476 F. Supp. 119 (S.D.N.Y. 1979), the district court was concerned with a situation where the defendants argued that they were present in the Southern District of New York. The Court, however, disagreed and did not vacate the attachment. 476 F. Supp. at 125. Indeed, the Court noted that the plaintiff's need for security was real and that the quest for an attachment was not a tactic of harassment. 476 F. Supp. at 124. Likewise, Hassan's reliance on Bay Casino is misplaced. In Bay Casino, LLC v. M/V ROYAL EMPRESS, 1999 U.S. Dist. LEXIS 22357 (S.D.N.Y. 1999), the district court was concerned with a claim for lost profits that was revealed to be overstated after discovery. 1999 U.S. Dist. LEXIS 22357 * 2. Neither of those situations is presented in this case because the Defendant Hassan does not argue that it could have been found within the Southern District of New York and the Plaintiff presents the Arbitration Award that was duly rendered in London and which establishes its entitlement to damages from Defendant Hassan.

This prejudgment attachment seeks to enforce a decree from the High Court of Sindh at Karachi in Pakistan, confirming an arbitration award granted the plaintiff, Flame Maritime, by an arbitrator based in London. Under the New York Uniform Foreign Country Money-Judgments Recognition Act, located in Article 53 of the NEW YORK CIVIL PRACTICE LAW AND RULES, New York extends judicial recognition to a "foreign

country judgment which is final, conclusive and enforceable where rendered." N.Y. CIV. PRAC. L. & R. 5302 (McKinney 1997) ("CPLR"); *see also*, V. Corp. Ltd. v Redi Corporation, 2004 U.S. Dist. LEXIS 20424 (S.D.N.Y. 2004)(permitting prejudgment attachment to secure a foreign judgment of a foreign arbitral award).

Contrary to the arguments presented by the Defendant Hassan, the Plaintiff's claim is neither frivolous nor abusive. The only thing that is abusive in the case is the fact that the Defendant Hassan has done everything in its power for the past eight (8) years to avoid paying a duly rendered arbitration award. In sum, the Defendant Hassan has not met its burden of proof to demonstrate that any of the limited equitable grounds for vacatur exist in this case.

## POINT III
## THE ATTACHMENT SHOULD NOT BE REDUCED

Supplemental Rule E(6) gives the admiralty court the power to reduce the attachment amount "for good cause shown." Fed. R. Civ. P. Supp. Rule E(6); *see* Transportes Navieros y Terrestes v. Fairmount Heavy Transp. N.V., 2007 U.S. Dist. LEXIS 50260 (S.D.N.Y. July 6, 2007). This does not require that the plaintiff prove its damages with "exactitude"; however "the court must be satisfied that the plaintiff's claims are not frivolous." Dongbu Express Co. v. Navios Corp., 944 F. Supp. 235 (S.D.N.Y. 1996).

In this action, the Plaintiff Flame Maritime obtained an arbitration award in London for the sum of the sum of $55,988.77, together with interest thereon at the rate of 7.5% per annum compounded at quarterly rests from 21st May 1999 until the date of payment. *See*, Duffy Affidavit at Exhibit 1, Arbitration Award, dated December 21, 1999,

7

at ¶ 112 B & C. The Defendant has not satisfied the arbitration award for more than seven (7) years, and interest has continued to be accrued. Accordingly, the Plaintiff has a valid maritime claim for the sum requested in the Process of Attachment and the Plaintiff's claim cannot be considered frivolous.

The central issue presented by the Defendant Hassan is whether the amount of the attachment should be reduced because the High Court of Sindh at Karachi in Pakistan did not confirm that portion of the arbitration award granting Flame Maritime interest on the arbitration award as was provided for in the arbitration award and, as authorized, in Section 49 of the English Arbitration Act, 1996, which gave the Arbitration Tribunal the power to award simple or compound interest from such dates, at such rates and with such rests as it considers meets the justice of the case. In its Motion to Vacate, or reduce, the Attachment, the Defendant never addresses the issue of why the Pakistani court did not confirm the award of interest and, for good reason, because the Defendant contested an award of interest on the ground that interest was contrary to Islamic law. *See*, Duffy Affidavit at ¶ 24. Simply put, it is the Defendant Hassan that is manipulating the legal process because it is now attempting to avoid paying interest on the arbitration award by reason of the fact that the Plaintiff Flame had to go to an Islamic nation to seek enforcement of the award and the Defendant Hassan is hiding behind Islamic law to prevent paying interest that was awarded by a London arbitrator even though the Defendant Hassan agreed to London arbitration and the application of English law.

As an initial point, this Court should not reduce the attachment as requested by the Defendant Flame Maritime because it is clear that the proceedings in Pakistan are not yet concluded and the decree of January is not yet enforceable. *See,* <u>Island Territory of</u>

Curacao v. Solitron Devices, Inc., 489 F.2d 1313, 1317, 1323 (2d Cir. 1973) (writ of execution on local arbitral award rendered a final, conclusive, and enforceable judgment in Curacao where neither party availed itself of three-month opportunity to seek review of award before it became final); 11 Jack B. Weinstein *et al., New York Civil Practice P5302.01[1]* (2004) ("The judgment is considered final when the litigation has been disposed of and no issues remain for determination.").

In the case at hand, the attachment has been obtained to secure a final judgment that may be rendered by the High Court of Sindh at Karachi in Pakistan, but as the Defendant maintains that it is pursing an appeal, the litigation has not been disposed or and issues remain for determination. *See*, Duffy Affidavit at ¶s 26 & 28. Included in those issues that remain for determination are whether the Defendant will be permitted an appeal, whether the Plaintiff Flame Maritime should have judgment for its claim of pre-judgment interest on the basis that interest was awarded in accordance with English law and the amount of costs that the Defendant Hassan is to pay to the Defendant Flame Maritime. Most importantly, and as set forth in the Execution Application presented to the High Court of Sindh on March 6, 2006, it is clear that the Plaintiff Flame has not abandoned its claim for interest in Pakistan because the Execution Application specifically notes that the amount sought consists of the principal amount, with interest due up the decree or order or other relief granted thereby with particulars of any cross decree. To the extent that the Defendant is appealing the decree, and not withstanding the unsubstantiated allegations of the Defendant's Pakistan counsel, the Plaintiff may still pursue its claim for interest in the Pakistan courts.

Separate and apart from that, this Court should take a functional, as opposed to formalistic, approach to the recognition of any final decrees from the High Court of Sindh at Karachi in Pakistan. As noted in the Duffy Affidavit, the Defendant Hassan agreed to arbitrate in London, it eventually appeared in the proceeding and, then since 2000, has sought to circumvent the award by refusing to pay the award as the confirmation proceedings wound their way through the Court in Pakistan and, now after a decree has been rendered, the Defendant seeks to rely on the peculiarities of Pakistan law to avoid the payment of a proper award of interest on a principal sum that has been outstanding for over seven (7) years. To accept the Defendant's argument that there is "good cause" to reduce the attachment on the basis of the Quran (which was not a part of the parties' commercial arrangements) would only serve to reward the Defendant for its own defiance toward the English arbitration award and that does not amount to good cause shown.

In <u>American Construction v. Mechanized Construction of Pakistan, Ltd.</u>, 659 F. Supp. 426 (S.D.N.Y. 1987), the American plaintiff obtained an arbitration award against the Pakistani defendant at the ICC Court of Arbitration in Geneva. 659 Supp. at 427. The Pakistani defendant, although it had agreed to arbitrate, did not attend the proceedings, but instead petitioned a court in Lahore, Pakistan for a declaration invalidating both the arbitration and the arbitration clause. 659 Supp. at 428. The American plaintiff filed a petition with the Southern District of New York to confirm the arbitration award, 659 Supp. at 428. The Pakistani defendant moved to dismiss the petition to confirm the award on grounds of lack of personal and subject matter jurisdiction and improper venue. The Court rejected these positions, and the Court confirmed the award which directed the

defendant to pay ACME, (a) $1,402,924.00 including interest up to December 21, 1981; (b) interest at the rate of 17% on that sum from December 22, 1981 until the date of payment; (c) arbitration costs of $45,057.57; and (d) ACME's legal costs calculated at $87,500.00. 659 Supp. at 428. In a similar sense, this Court should not condone the Defendant's failure to pay the arbitration award and, thereby, force the Plaintiff to seek to have the award confirmed in an Islamic country where Defendant Hassan is located and interest is not awarded as being contrary to the Quran.

Finally, there is authority for the proposition that the district court can confirm a Judgment of the Pakistani court and award prejudgment interest on the confirmation of the Judgment. In Seetransport Wiking Trader Schiffarhtsgellschaft MBH v. Navimpex Centrala Navala, 29 F.3d 79 (2nd Cir. 1984), the plaintiff was seeking to enforce under New York law a ruling made by a French Court with respect to a French arbitration award. 29 F.3d 79. The central dispute involved the defendant's claim that there was no foreign country judgment to be enforced. 29 F.3d at 81. The Court of Appeals disagreed, but it also went on to confirm the U.S. District Court's imposition of prejudgment interest on the French judgment. Citing to its earlier decision in Waterside Ocean Navigation Co. v. International Navigation Ltd., 737 F.2d 150, 153-54 (2nd Cir. 1984), the Court of Appeals held that the District Court had the power to grant post-award, prejudgment interest. 29 F.3d at 82 & 83; *and see*, Overseas Development Bank in Liquidation v. Nothmann, 115 A.D.2d 719, 720-21, 496 N.Y.S.2d 534, 535-36 (2d Dep't 1985) (two English default money judgments recognized as enforceable in England pursuant to special order of High Court of Justice, Queen's Bench Division, even though enforcement of judgments was otherwise time-barred). On the basis of these authorities,

11

and notwithstanding the fact that it more than three years since the arbitration award wqas rendered., it is submitted that the District Court can confirm a decree entered in Pakistan and, on top of that, still award post-award, prejudgment interest as awarded by the Arbitration Panel in circumstances where the Defendant has failed to pay the award for in excess of seven (7) years.

In the case at hand, it would not be consistent with American public policy to permit the Defendant Hassan to evade its responsibility for post-award, prejudgment interest where the Defendant agreed to English arbitration and has failed to pay the award for in excess of seven (7) years. Simply put, the Defendant Hassan has not carried its burden to conclusively show that the amount of the attachment should be reduced.

## CONCLUSION

For all of the reasons stated herein, the Defendant Hassan's Motion to Vacate, and in the alternative reduce, the Maritime Attachment must be denied.

Dated:  Port Washington, New York
        August 13, 2007

                              Respectfully submitted,
                              CHALOS, O'CONNOR & DUFFY
                              Attorneys for Plaintiff,
                              FLAME MARITIME LIMITED

By: /s/ Owen F. Duffy
       Owen F. Duffy (OD-3144)
       366 Main Street
       Port Washington, New York 11050
       Tel:    516-767-3600
       Telefax: 516-767-3605