USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/31/07

`UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
FLAME MARITIME LIMITED,                 :
                                        :          07 Civ. 4426 (WHP)
                    Plaintiff,          :
                                        :          MEMORANDUM AND ORDER
        -against-                       :
                                        :
HASSAN ALI RICE EXPORT COMPANY,         :
                                        :
                    Defendant.          :
------------------------------------X

Defendant Hassan Ali Rice Export Company ("Hassan") moves pursuant to Fed. R. Civ. P. Supp. Rule E(4)(f) to vacate this Court's May 31, 2007 ex parte order of a maritime attachment and garnishment (the "Order"). Alternatively, Hassan seeks to reduce the security of Plaintiff Flame Maritime Limited ("Flame") pursuant to Supp. Rule E(6). For the following reasons, Hassan's motion is denied in part and granted in part.

BACKGROUND

On January 29, 1999, Hassan tendered white rice to Flame for transport from Karachi, Pakistan to Moroni, Comoros Islands aboard the M/V Junior M. (Declaration of Owen Duffy, dated Aug. 13, 2007 ("Duffy Decl.") ¶ 11.) Hassan allegedly failed to pay demurrage in the amount of $59,721. (Duffy Decl. ¶ 13.) Flame initiated arbitration against Hassan in London, England seeking to recover the unpaid demurrage. (Duffy Decl. ¶ 14.) On December 21, 1999, the arbitral panel ordered Hassan to pay Flame $55,988,77 and interest at an annual rate of 7.5% from May 21, 1999 until the date of satisfaction (the "Arbitration Award"). (Duffy Decl. ¶ 18.) On February 22, 2000, Flame filed an action to enforce the Arbitration Award

against Hassan in Karachi, Pakistan. (Duffy Decl. ¶ 22.) Nearly six years later, the Pakistani High Court entered a decree on January 23, 2006 enforcing the Arbitration Award in the amount of $55,988.77 plus £4,800 (the "Pakistani Judgment"). (Duffy Decl. ¶ 23.) The Pakistani Court did not confirm the award of interest because it was contrary to Islamic law. (Duffy Decl. ¶ 24.) Flame filed an application to execute the Pakistani Judgment, and Hassan appealed it. (Duffy Decl. ¶¶ 25-26.) The High Court scheduled an appellate conference for May 19, 2007, but later adjourned it <u>sine die</u>. (Duffy Decl. ¶¶ 27-28.) No further proceedings have occurred in the Pakistani courts.

On May 30, 2007, Flame filed this maritime action against Hassan seeking an attachment pending the outcome of Hassan's appeal. This Court issued the Order, which authorized Flame to attach up to $150,000 of Hassan's assets located within this district. Pursuant to the Order, Flame attached two electronic fund transfers in the amounts of $62,200 and $60,000, respectively. (Duffy Decl. ¶¶ 34-35.)

DISCUSSION

Hassan argues that the Attachment should be vacated because Flame has full security for its claims. Hassan alternatively contends that, if an order of vacatur does not issue, the amount of security should be reduced.

I. <u>Standard for Vacatur</u>

Rule E(4)(f) of the Supplemental Rules provides: "[W]henever property is arrested or attached, any person claiming an interest in it shall be required to show why the arrest or attachment should not be vacated or other relief granted consistent with these rules." Fed. R.

2

Civ. P. Supp. Rule E(4)(f); Aqua Stoli Shipping Ltd. v. Gardner Smith Pty Ltd., 460 F.3d 434, 445-46 (2d Cir. 2006); Winter Storm Shipping Ltd. v. TPI, 310 F.3d 263, 272 (2d Cir. 2002); Sea Transp. Contractors, Ltd. v. Indus. Chemiques du Senegal, 411 F. Supp. 2d 386, 390 (S.D.N.Y. 2006). To sustain any attachment, the plaintiff must demonstrate that "(1) it has a valid prima facie admiralty claim against the defendant; (2) the defendant cannot be found within the district; (3) the defendant's property may be found within the district; and (4) there is no statutory or maritime law bar to the attachment." Aqua Stoli, 460 F.3d at 445. Courts may also vacate an attachment in certain limited circumstances where equity so demands. See Aqua Stoli, 460 F.3d at 444. Specifically, vacatur is proper if "the plaintiff has already obtained sufficient security for the potential judgment, by attachment or otherwise." Aqua Stoli, 460 F.3d at 445.

Because it is uncontested that the formal requirements for attachment have been satisfied by Flame, the only possible grounds for vacatur are equitable. Hassan argues that the Order should be vacated because it provided Flame with full security by furnishing a bank guarantee for the amount of the Pakistani Judgment. However, because Hassan has not proffered evidence of such a guarantee, the attachment cannot be vacated on this ground. See Mardas Marmara Deniz Isletmeciligi A.S. v. Fast Shipping & Trading Co., 07 Civ. 179 (PKL), 2007 WL 2229058, at *4 (S.D.N.Y. Aug. 2, 2007) (party seeking to vacate attachment on equitable grounds bears the burden of demonstrating sufficient security exists for potential judgment).

II. Attachment Reduction

In the alternative, Hassan seeks a reduction in the amount of the attachment. "Because pre-judgment attachments are usually based upon reasonable estimates and not precise facts, parties often attach amounts which are later deemed excessive in light of changes in

circumstance." Dongbu Express Co., Ltd. v. Navois Corp., 944 F. Supp. 235, 237 (S.D.N.Y. 1996). As such, "a reduction in security is 'freely granted upon a showing that the [attachment] is excessive.'" Dongbu, 944 F. Supp. at 237 (quoting 7A James W. Moore et al., Moore's Federal Practice P E14 (2d ed. 1996)); see also Fed. R. Civ. P. Supp. Rule E(6) ("Whenever security is taken, the court may, on motion and hearing, for good cause shown reduce the amount of security given."); Mardas, 2007 WL 2229058, at *3 (same); Transportes Navieros y Terrestes v. Fairmount Heavy Transp. N.V., 07 Civ. 3076 (LAP), 2007 WL 1989309, at *4 (S.D.N.Y. July 6, 2007) (same).

        The Order authorizes Flame to attach up to $150,000 of Hassan's assets. That amount exceeds the $55,988 plus £4,800 awarded in the Pakistani action. Flame claims that the difference comprises the interest that has accrued since the entry of the Arbitration Award. However, the Pakistani High Court excluded interest, and Flame has not appealed. Because Flame stands to recover no more than the Pakistani Judgment, this Court will reduce the attachment amount to reflect the maximum award that Flame can recover in those proceedings.

CONCLUSION

For the foregoing reasons, Defendant Hassan Ali Rice Expert Company's motion to vacate this Court's Order for Process of Maritime Attachment and Garnishment is denied. However, Hassan's motion to reduce the security to the sum of the Pakistani Judgment is granted. The parties are directed to submit an amended order by September 11, 2007.

Dated: August 31, 2007
      New York, New York

SO ORDERED:

_____
WILLIAM H. PAULEY III
U.S.D.J.

*Counsel of Record:*

George Murray, Esq.
Chalos, O'Connor & Duffy LLP
366 Main Street
Port Washington, NY 11050
*Counsel for Plaintiff*

Charles Edmund Murphy, Esq.
Lennon, Murphy & Lennon LLC
420 Lexington Avenue
Suite 300
New York, NY 10170
*Counsel for Defendant*